## UTLEY

v.

## KOHL, Sheriff, et al.

[Cite as *Utley v. Kohl* (1997), 120 Ohio App.3d 52.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–97–040.

Decided June 12, 1997.

*Scott T. Coon*, for petitioner.

*Alan R. Mayberry*, Wood County Prosecuting Attorney, and *Gwen Howe–Gebers*, Assistant Prosecuting Attorney, for respondents.

SHERCK, Judge.

Petitioner, Desmond Utley, has filed a petition for writ of habeas corpus against respondents, John Kohl, Wood County Sheriff, and Judge Gale Williamson. Petitioner brings this proceeding to challenge an increase in his bail set by the Wood County Court of Common Pleas.

Petitioner was charged with one count of rape, one count of kidnaping, and one count of felonious sexual penetration. On April 2, 1997, the trial court conducted a bail hearing. Citing the serious nature of the crime, petitioner's prior conviction for sexual battery, and his alleged use of threatening profanity to the victim, the prosecution asked for a $25,000 bond. The trial court set petitioner's bond at $20,000, no ten percent.

Nearly two months later, the prosecution filed a motion to reconsider petitioner's bond. At a May 28, 1997 hearing, the prosecution reiterated the same facts and same arguments previously made to the court at the April 7, 1997 hearing. The prosecutor then suggested that bail should be increased to $45,000. At this hearing, the prosecution, nevertheless, acknowledged that during prior proceedings, petitioner had never failed to appear when required by the court.

Petitioner objected to any increase in bail, stating that nothing had occurred that would warrant a change in the existing bond amount.[1] Petitioner further stated that in reliance upon the prior bail, he waived his speedy trial time.

The trial court determined that the original $20,000 was low for a first degree felony and was "not realistic under the circumstances." Bail was then set at $35,000, no ten percent. Other additional conditions imposed were that petitioner would reside with his mother in Toledo, that petitioner would remain in the Wood/Lucas County areas, that petitioner would have to check in three times per week with the probation department, and that petitioner would have no contact with the victim or her family members.

Petitioner then instituted this original action for writ of habeas corpus. Respondents filed an answer and motion for summary judgment. On June 10, 1997, we held a hearing on the matter. At the hearing, the parties stipulated to the admission of the April 2, 1997 and May 28, 1997 transcripts into evidence; the prosecutor admitted on argument that there were, in fact, no changed circumstances between the April 2 and May 28 hearings. The parties then focused their arguments on the issue of whether the trial court had properly modified its prior bail order.

---

1. At the May 28, 1997 hearing, petitioner argued to the trial court: "The State speaks of the reason they are here today. I think they are here because this case has hit the radio station, and they are under some pressure to come forward and attempt to keep Mr. Utley in."

The law governing this proceeding is succinctly articulated in the following excerpt from *In re Green* (1995), 101 Ohio App.3d 726, 730, 656 N.E.2d 705, 707:

"The principles governing habeas corpus in these matters are well established. Under both the United States and Ohio Constitutions, 'excessive bail shall not be required.' The purpose of bail is to secure the attendance of the accused at trial. Crim.R. 46(A); *Bland v. Holden* (1970), 21 Ohio St.2d 238, 50 O.O.2d 477, 257 N.E.2d 397. In Ohio the writ of habeas corpus protects the right to reasonable bail. *In re Gentry* (1982), 7 Ohio App.3d 143, 7 OBR 187, 454 N.E.2d 987. A person charged with the commission of a bailable offense cannot be required to furnish bail in an excessive or unreasonable amount. *In re Lonardo* (1949), 86 Ohio App. 289, 41 O.O. 313, 89 N.E.2d 502. Indeed, bail set at an unreasonable amount violates the constitutional guarantees. *Stack v. Boyle* (1951), 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3. Pursuant to Crim.R. 46, in determining what is reasonable bail, the trial court must weigh various factors: the nature and circumstances of the offense charged, the weight of the evidence, the accused's history of flight or failure to appear at court proceedings, his ties to the community, including his family, financial resources and employment, and his character and mental condition. After weighing these factors, the trial judge sets the amount of bail within his sound discretion. In a habeas corpus action to contest the reasonableness of bond, this court must determine whether the trial court abused its discretion. *In re Gentry; Jenkins v. Billy* (1989), 43 Ohio St.3d 84, 538 N.E.2d 1045; *Lewis v. Telb* (1985), 26 Ohio App.3d 11, 26 OBR 179, 497 N.E.2d 1376."

While the initial amount of bail set is a matter within the sound discretion of the trial court, *Davenport v. Tehan* (1970), 24 Ohio St.2d 91, 53 O.O.2d 250, 264 N.E.2d 642; *Bland v. Holden* (1970), 21 Ohio St.2d 238, 50 O.O.2d 477, 257 N.E.2d 397, the trial court, nevertheless, has the discretion to change the amount of bail as the circumstances may warrant, such as, where new information is presented to the trial court regarding the likelihood that the accused may abscond. See *State v. Marte* (May 23, 1996), Cuyahoga App. No. 69587, unreported, 1996 WL 273800; *In re Huntley* (Feb. 25, 1988), Franklin App. No. 87AP–1200, unreported, 1988 WL 24437; *State v. Burnom* (May 13, 1982), Cuyahoga App. No. 44006, unreported; *May v. Berkemer* (Mar. 29, 1977), Franklin App. No. 77AP–183, unreported. An abuse of the trial court's discretion occurs when the trial court's actions are arbitrary, unreasonable, or capricious. *In re Gentry* (1982), 7 Ohio App.3d 143, 146, 7 OBR 187, 189–190, 454 N.E.2d 987, 990–991.

However, where the trial court setting the original bail has considered all the required factors in determining the amount of bail, and there is no showing of any changed circumstances of the accused or his surroundings, the bond as set must continue as a matter of right. See Crim.R. 46(J); *May v. Berkemer, supra.*

In this case, we can find nothing in the record of the second bond hearing that indicates any changed circumstances surrounding petitioner that the trial court did not consider when setting bail in the first hearing. Thus, we view the trial court's action in raising the amount of bail under these circumstances as being an arbitrary act in violation of its sound discretion.

Accordingly, the petition for habeas corpus is granted. The original bail amount of $20,000, no ten percent, along with the subsequently added conditions (which are not contested by petitioner) is reinstated. Respondents' motion for summary judgment is denied. Petitioner's motion to proceed *in forma pauperis* is granted. Court costs of this proceeding are assessed to respondents.

*Writ granted.*

HANDWORK, SHERCK and KNEPPER, JJ., concur.