This cause is a Petition for Writ of Habeas Corpus challenging an increase in bail.
It is undisputed in the pleadings before this Court that after a preliminary hearing on a felony charge of resisting arrest and two counts of assaulting a police officer that the Petitioner's bail was modified on March 16, 1998, from $10,000 own recognizance to $10,000 cash or surety. The Common Pleas Court later refused to reduce bond.
It is also important to note that on March 2, 1998, a parole holder was lodged against Petitioner. Respondent further asserts that subsequent to Petitioner's arrest he was not released from detention on either the recognizance or surety bond due to the parole holder.
Petitioner asserts that absent a change of circumstances the Municipal Court had no authority to modify his recognizance bond. He cites to Utley v. Kohl (1997), 120 Ohio App.3d 52 at headnote 3 for the proposition that:
 "Where the trial court setting the original bail has considered all the required factors in determining the amount of bail, and there is no showing of any changed circumstances of the accused or his surroundings, the bond as set must continue as a matter of right. Rules Crim.Proc., Rule 46(J)."
While the above principle is clearly expressed in Utley,supra, that case also held:
 "While the initial amount of bail set is a matter within the sound discretion of the trial court, Davenport v. Tehan (1970), 24 Ohio St.2d 91, 53 O.O.2d 250, 264 N.E.2d 642; Bland v. Holden (1970), 21 Ohio St.2d 238, 50 O.O.2d 477, 257 N.E.2d 397, the trial court, nevertheless, has the discretion to change the amount of bail as the circumstances may warrant, such as, where new information is presented to the trial court regarding the likelihood that the accused may abscond. See State v. Marte (May 23, 1996), Cuyahoga App. No. 69587, unreported, 1996 WL 273800; In re Huntley (Feb. 25, 1988), Franklin App. No. 87AP-1200, unreported, 1988 WL 24437; State v. Burnom (May 13, 1982), Cuyahoga App. No. 44006, unreported; May v. Berkemer (Mar. 29, 1977), Franklin App. No. 77AP-183, unreported."
It is also stated in Crim.R. 46(E):
 "A court, at any time, may order additional or different types, amounts, or conditions of bail."
In this case there was not only the testimony of the police officers at the preliminary hearing underscoring a reason for the modification of bail based on the charges filed, but also the fact that a parole holder had been lodged against the Petitioner.
A second complaint of Petitioner is a delay in his parole revocation hearing. Although such issue is collateral to the basis for this Petition, we will nonetheless proceed to discuss it as it relates to the Petitioner's claim for entitlement to a writ. In a case emanating from this appellate district the Ohio Supreme Court stated in Coleman v. Stobbs (1986), 23 Ohio St.3d 137
at 139:
 "* * * we find that the APA's delay in holding a final parole revocation hearing, while Coleman was incarcerated and awaiting trial on the charge of grand theft, was neither unreasonable nor prejudicial as a matter of law."
Also, in Horton v. Collins (1992), 83 Ohio App.3d 287, the court found that a nine month delay in holding a parole revocation hearing was not unreasonable when a defendant was awaiting disposition of a felony charge and was unable to post bond. We adopt this rationale as found in Horton, supra.
Finally, Petitioner avers that on February 1, 1999, he signed a speedy trial waiver allegedly "under duress" in pending Common Pleas Case No. 98 CR 247. The Clerk's docket record verifies that Petitioner waived his right to a speedy trial on February 1, 1999, and extended that waiver on March 26, 1999, with a new trial date set for May 13, 1999.
We find that Petitioner is in custody pursuant to a lawful court order and that the court had jurisdiction to make that order. Motion of Respondent to dismiss this Petition is sustained. Petition dismissed. Costs taxed against Petitioner.
Final order. Clerk to serve counsel or unrepresented party pursuant to the Civil Rules.
 _________________________________ EDWARD, PRESIDING JUDGE
 _________________________________ JOSEPH J. VUKOVICH, JUDGE
 _________________________________ CHERYL L. WAITE, JUDGE