DECISION AND JUDGMENT ENTRY
{¶ 1} This is an original action in habeas corpus filed by petitioner, Anthony L. King, on January 19, 2005, against respondent, James A. Telb, Sheriff of Lucas County, who is holding petitioner at the Lucas County Corrections Center. Petitioner was indicted on September 13, 2004, on three counts arising out of the same set facts: attempted murder with a firearm specification, in violation of R.C. 2903.02, 2923.02, and 2941.145; felonious assault with a firearm specification, in violation of R.C. 2903.11(A)(2) and 2941.145; and having weapons under a disability, in violation of R.C. 2923.13(A)(3). On September 15, 2004, the trial court set the bond at a total of $120,000, no ten percent allowed.
 {¶ 2} Bond was continued at $120,000 on October 12, 2004 and October 25, 2004. On October 26, 2004, petitioner posted a surety bond. Prior to release, in the late afternoon on October 26, 2004, bond was increased upon the state's ex parte request to $500,000, no ten percent allowed. A bond hearing was requested by petitioner and held on November 5, 2004, during which testimony was taken. Following the hearing, the trial court held that a change of circumstances existed to warrant the change in bond amount to $500,000, and that there was "a substantial risk of safety to the victim."
 {¶ 3} On January 19, 2005, petitioner filed this case seeking a writ of habeas corpus. In particular, petitioner argues that the increase in bond is excessive and that there was no change in circumstances to warrant the increase in bond amount. See Utley v. Kohl (1997),120 Ohio App.3d 52. Petitioner argues that, although petitioner was indicted on October 26, 2004 on four drug-related felonies of the fifth degree, unrelated to the charges in this case, the existence of these four drug charges was known to the trial court on September 15, 2004, when the original bond of $120,000 was set. Moreover, petitioner argues that he was actually in a better position with respect to the drug cases after the matter was presented to the grand jury, because no bills were returned with respect to two felonies of the second degree and one felony of the third degree which he was also potentially facing.
 {¶ 4} Petitioner additionally argues that other factors relied upon by the state to establish a change in circumstance were known to the state prior to October 26, 2004, and could have been raised at the original bond hearing or during either of the two pretrials wherein the trial court continued bond. For instance, the state asserted that just prior to seeking an increase in bond amount, the state discovered that petitioner's alleged crimes were premeditated in nature. Petitioner asserts that the nature of the attempted murder charge always concerned an intentional act. Additionally, the state asserted that the victim's safety would be at risk if petitioner was released because there was evidence that petitioner's brother was charged with intimidation of the victim/witness when petitioner's brother was found laying in wait outside the victim's residence in the early morning hours of September 15, 2004. A police report taken by Sergeant Lou Vasquez, who interviewed petitioner's brother, stated that petitioner's brother went to confront the victim/witness "about the circumstances surrounding the shooting of [the victim] by Anthony King." Petitioner asserts that this fact was also known long before October 26, 2004, but was only raised because petitioner posted bond. Regardless, however, petitioner argues that he cannot be held accountable for the actions of his brother and that his brother also indicated he was at the victim's place of residence to discuss his own issues with the victim.
 {¶ 5} The principles governing habeas corpus are well established. Pursuant to Section 9, Article I of the Ohio Constitution, all persons shall be bailable and "excessive bail shall not be required." The only person not entitled to bail is one who is charged with a capital offense or other felony, where the proof is evident or the presumption great and where the person poses a substantial risk of serious physical harm to any person or to the community. Section 9, Article I of the Ohio Constitution.
 {¶ 6} According to the version of Crim.R. 46(A) in existence prior to July 1, 1998, the stated purpose of bail was "to ensure that the defendant appears at all stages of the criminal proceedings." Since 1998, Crim.R. 46 no longer states a purpose of bail, nevertheless, securing the accused presence in court is still the generally accepted purpose of bail. See, e.g., Wilson v. Telb (Jan. 11, 2001), 6th Dist. No. L-01-1008. In addition to this purpose, we also find that, as amended on January 1, 1998, Section 9, Article I of the Ohio Constitution recognizes that the risk of serious physical harm to any person or the community is a consideration for whether to set bail in felony cases.
 {¶ 7} In Ohio, the writ of habeas corpus protects the right to reasonable bail. In re Petition of Gentry (1982), 7 Ohio App.3d 143, paragraph one of the syllabus. If the offense is bailable, the right to reasonable bail is an inviolable one which may not be infringed upon or denied. Id. at 145; and Lewis v. Telb (1985), 26 Ohio App.3d 11, 14. As such, a person charged with the commission of a bailable offense cannot be required to furnish bail in an excessive or unreasonable amount. In re Lonardo (1949), 86 Ohio App. 289, 291. Bail set at an unreasonable amount violates the constitutional guarantees. Utley v.Kohl, 120 Ohio App.3d at 55, citing Stack v. Boyle (1951), 342 U.S. 1.
 {¶ 8} In determining the types, amounts, and conditions of bail, Crim.R. 46(C) states that the court shall consider all relevant information, including but not limited to:
 {¶ 9} "(1) The nature and circumstances of the crime charged;
 {¶ 10} "(2) The weight of the evidence against the defendant;
 {¶ 11} "(3) The confirmation of the defendant's identity;
 {¶ 12} "(4) The defendant's family ties, employment, financial resources, character, mental condition, length of residence in the community, jurisdiction of residence, record of convictions, record of appearance at court proceedings or of flight to avoid prosecution;
 {¶ 13} "(5) Whether the defendant is on probation, a community control sanction, parole, post-release control, or bail."
 {¶ 14} The information considered by the court in making its determination regarding bond need not conform to the rules pertaining to the admissibility of evidence in a court of law. Crim.R. 46(F).
 {¶ 15} After weighing the factors in Crim.R. 46, the trial court sets the amount of bail within its sound discretion. Davenport v. Tehan
(1970), 24 Ohio St.2d 91; and Bland v. Holden (1970), 21 Ohio St.2d 238,239. We have previously held that this discretion to set bail also permits the trial court to change bail as circumstances warrant, such as, where new information is presented to the trial court regarding the likelihood that the accused may abscond. Utley v. Kohl,120 Ohio App.3d at 55. See, also, State v. Marte (May 23, 1996), 8th Dist. No. 69587. In making our decision in Utley, we held that "[w]here the trial court setting the original bail has considered all the required factors in determining the amount of bail, and there is no showing of any changed circumstances of the accused or his surroundings, the bond as set must continue as a matter of right." Id., citing Crim.R. 46(J).
 {¶ 16} As referenced above, however, Crim.R. 46 was amended in July 1998. The prior version of Crim.R. 46(J) stated that "Unless application is made by the surety for discharge, the same bond shall continue as amatter of right until the return of a verdict or judgment by a jury * * *." (Emphasis added.) Additionally, the amendments to bond permitted by former Crim.R. 46(H) stated, "a judge or magistrate ordering the release of a person on any condition specified in this rule may at any time amend the order to impose additional or different conditions of release." (Emphasis added.) "Conditions" of release are and were separate requirements the trial court could impose upon the accused to secure his presence, in addition to or in lieu of a bond amount.
 {¶ 17} Under the current version of Crim.R. 46, however, a trial court is not limited to only amending the conditions of release. Rather, Crim.R. 46(E) states that "A court, at any time, may order additional or different types, amounts, or conditions of bail." Moreover, there is no longer a "right" to the continuation of bond as stated in former Crim.R. 46. Rather, the current version of Crim.R. 46(H) merely states:
 {¶ 18} "Unless otherwise ordered by the court pursuant to division (E) of this rule, or if application is made by the surety for discharge, the same bond shall continue until the return of a verdict or the acceptance of a guilty plea. * * *"
 {¶ 19} We find that the language of Crim.R. 46 (E) and (H) is consistent with Section 9, Article I of the Ohio Constitution, which states that "the court may determine at any time the type, amount, and conditions of bail." In no circumstance, however, can excessive bail be required, excessive fines imposed, or cruel and unusual punishments inflicted.
 {¶ 20} In a habeas corpus action which challenges the amount of bond, we must review the decision of the trial court under an abuse of discretion standard. See Hardy v. McFaul, 103 Ohio St.3d 408,2004-Ohio-5467, ¶ 7. An abuse of the trial court's discretion occurs when the trial court's actions are unreasonable, arbitrary, or capricious. Gentry, supra at 146. However, because this is an original action, we must also conduct a hearing de novo, so we can make our own independent determination as to whether the trial court properly modified the bond. Wilson v. Telb (Jan. 11, 2001), 6th Dist. No. L-01-1008.
 {¶ 21} On January 31, 2005, this court held a hearing on petitioner's writ of habeas corpus. The parties stipulated to submission of the transcript from the trial court's November 5, 2004 hearing as evidence for this court to consider in making our determination. Additional arguments and testimony were also heard during this court's hearing. Upon full consideration of the evidence submitted and the arguments made, we find that the trial court did not abuse its discretion in increasing the bond amount from $120,000 to $500,000.
 {¶ 22} Pursuant to R.C. 2937.23(A)(3), "* * * bail shall be fixed with consideration of the seriousness of the offense charged, the previous criminal record of the defendant, and the probability of the defendant appearing at the trial of the case." Additionally, in determining the types, amounts, and conditions of bail, Crim.R. 46(C) states that the court shall consider all relevant information, including the nature and circumstances of the crime charged, the weight of the evidence against the defendant, the confirmation of the defendant's identity, the defendant's family ties, employment, financial resources, character, mental condition, length of residence in the community, jurisdiction of residence, record of convictions, record of appearance at court proceedings or of flight to avoid prosecution, and whether the defendant is on probation, a community control sanction, parole, post-release control, or bail.
 {¶ 23} In this case, petitioner is charged with attempted murder, having allegedly shot the victim five times in the chest and back. The sole witness to the shooting is also the victim in this matter. The victim was allegedly able to identify petitioner as his assailant insofar as victim has known petitioner for a number of years. According to the state, the shooter drove around the block a couple of times past the victim. Thereafter, petitioner allegedly emerged from a vacant building, walked up to the victim and shot him. Given the allegations in this case, we find the offenses charged in this matter to be quite serious. Also, if believed, we find that the identification of petitioner by the victim, who has known petitioner for years, to be reliable.
 {¶ 24} Petitioner established that he has strong family ties with his children, who lived with petitioner, and his parents, with whom he had daily or weekly contact. He has also lived in the Toledo area his entire life. Petitioner, however, had no visible means of employment. His bond reports indicated that he was employed as a carpenter, however, when asked at the November 5, 2004 hearing about the manner in which petitioner supported himself and his children, neither of his parents had any information concerning petitioner's source of income. The location of petitioner's residence was not pinpointed by the witnesses either, insofar as petitioner had recently moved prior to being charged with the present offenses. In addition to the above, we note that petitioner has a prior felony conviction, a number of misdemeanor and traffic convictions, and a number of failures to appear in Toledo Municipal Court. We further note that petitioner was on bail from Toledo Municipal Court on seven pending drug charges at the time he allegedly committed the within offenses.
 {¶ 25} Accordingly, under the facts and circumstances in this case, we find that the bail amount of $500,000 is not excessive. We further find that the trial court did not abuse its discretion by increasing the bail amount from $120,000 to $500,000. Pursuant to Crim.R. 46(E), it is clearly within the court's discretion to "at any time," order additional or different amounts of bail. Although the possibility of petitioner being indicted with drug offenses existed at the time the original bond was set, the fact of the matter is that he now faces four additional felony charges in Lucas County Common Pleas Court which he did not face at the time the bond was originally set. We find that the increase in the number of charges he faces, plus all of the above factors concerning the nature of the offenses charged, provides sufficient basis for which the trial court could impose additional bond amounts totaling $500,000, no ten percent.
 {¶ 26} We therefore deny petitioner's request to have this court reduce his bail amount back to $120,000, no ten percent, and/or impose additional conditions of bail, such as house arrest and no contact with the victim. Petitioner's bond therefore remains at $500,000, no ten percent allowed. Costs of this action to be assessed against petitioner.
Request for reduction of bail is denied.
Handwork, J., Pietrykowski, J., Concur.
Arlene Singer, P.J., dissents.