DECISION AND JUDGMENT ENTRY
{¶ 1} This is an original action in habeas corpus filed by petitioner, Shane Leu, on June 27, 2007, against respondent, James A. Telb, Sheriff of Lucas County, who is holding petitioner at the Lucas County Corrections Center.
 {¶ 2} In 2006, petitioner was charged with endangering children, a violation of Toledo Municipal Code 537.07, assault, a violation of Toledo Municipal Code 537.03 and, domestic violence, a violation of Toledo Municipal Code 537.19(A). Petitioner *Page 2 
surrendered to police upon learning of the charges. Following arraignment on December 28, 2006, he was released on his own recognizance. Appellant pled not guilty to all three charges. His case was assigned to the Honorable Robert G. Christiansen of the Toledo Municipal Court. A pretrial hearing was scheduled for February 28, 2007.
 {¶ 3} On February 28, 2007, petitioner appeared for the pretrial but the alleged victim did not. The matter was then scheduled for trial on April 27, 2007. On April 27, 2007, petitioner appeared for trial but the alleged victim did not. Petitioner's counsel moved for a dismissal for want of prosecution. The trial judge denied the motion. A new trial date was then scheduled for June 26, 2007. On June 26, 2007, appellant again appeared for trial but the alleged victim did not. Also failing to appear was the court appointed Guardian Ad Litem. Petitioner's counsel moved for a dismissal for want of prosecution. The trial judge denied the motion and announced that the matter would be scheduled for a pretrial. The following relevant exchange then took place:
 {¶ 4} "THE COURT: How about Monday or Tuesday of next week? Why are you staring at me?
 {¶ 5} THE DEFENDANT: Me?
 {¶ 6} THE COURT: Yes. Why are you staring at me?
 {¶ 7} THE DEFENDANT: I'm waiting to see what he says.
 {¶ 8} THE COURT: Do you want to hear what I have to say?
 {¶ 9} THE DEFENDANT: Yes Sir. *Page 3 
 {¶ 10} THE COURT: Have a seat. [Petitoner's counsel] you can, of course, not see it, but your client is attempting to stare me down. As you know, that doesn't work. Bond is revoked. Bond will be reset to $20,000 each count."
 {¶ 11} On June 27, 2007, petitioner filed this case seeking a writ of habeas corpus. Petitioner contends that the trial court improperly revoked his recognizance bonds. We agree.
 {¶ 12} The principles governing habeas corpus are well established. Pursuant to Section 9, Article I of the Ohio Constitution, all persons shall be bailable and "excessive bail shall not be required." The only person not entitled to bail is one who is charged with a capital offense or other felony, where the proof is evident or the presumption great and where the person poses a substantial risk of serious physical harm to any person or to the community. Section 9, Article I of the Ohio Constitution.
 {¶ 13} According to the version of Crim.R. 46(A) in existence prior to July 1, 1998, the stated purpose of bail was "to ensure that the defendant appears at all stages of the criminal proceedings." Since 1998, Crim.R. 46 no longer states a purpose of bail, nevertheless, securing the accused presence in court is still the generally accepted purpose of bail. See, e.g., Wilson v. Telb (Jan. 11, 2001), 6th Dist. No. L-01-1008.
 {¶ 14} After weighing the factors in Crim.R. 46, the trial court sets the amount of bail within its sound discretion. Davenport v. Tehan
(1970), 24 Ohio St.2d 91, and Bland v. Holden (1970), 21 Ohio St.2d 238,239. We have previously held that this discretion to set bail also permits the trial court to change bail as circumstances warrant, such as, *Page 4 
where new information is presented to the trial court regarding the likelihood that the accused may abscond. Utley v. Kohl,120 Ohio App.3d at 55. See, also, State v. Marte (May 23, 1996), 8th Dist. No. 69587. In making our decision in Utley, we held that "[w]here the trial court setting the original bail has considered all the required factors in determining the amount of bail, and there is no showing of any changed circumstances of the accused or his surroundings, the bond as set must continue as a matter of right." Id., citing Crim.R. 46(J).
 {¶ 15} In a habeas corpus action which challenges the amount of bond, we must review the decision of the trial court under an abuse of discretion standard. See Hardy v. McFaul, 103 Ohio St.3d 408,2004-Ohio-5467. An abuse of the trial court's discretion occurs when the trial court's actions are unreasonable, arbitrary, or capricious. In reGentry (1982), 7 Ohio App.3d 143, 146. However, because this is an original action, we must also conduct a hearing de novo, so we can make our own independent determination as to whether the trial court properly modified the bond. Wilson v. Telb (Jan. 11, 2001), 6th Dist. No. L-01-1008.
 {¶ 16} On June 29, 2007, this court held a hearing on petitioner's writ of habeas corpus. Based on said hearing, we find no evidence of any changed circumstances that would warrant the alteration of petitioner's bond. It follows that the trial court abused its discretion in revoking petitioner's recognizance bond. *Page 5 
 {¶ 17} Accordingly, the petition for habeas corpus is granted. The original recognizance bonds are reinstated. Petitioner is ordered released. Court costs of this proceeding are assessed to respondents.
PETITION GRANTED.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J. Arlene Singer, J., CONCUR. *Page 1