DECISION AND JUDGMENT ENTRY
{¶ 1} Petitioner, Martin A. Gaines, filed a petition for writ of habeas corpus against respondents, Sheriff Mark Wasylyshyn, who is holding petitioner at the Wood County Justice Center, and Judge Alan R. Mayberry. Petitioner brings this proceeding to contest the amount off bail set as a condition of his release as issued by the Wood County Court of Common Pleas on May 30, 2008. *Page 2 
 {¶ 2} According to his verified petition, petitioner states that he was arrested upon a warrant pursuant to a complaint filed in Perrysburg Municipal Court charging him with two counts of receiving stolen property, in violation of R.C. 2913.51, and forgery, in violation of R.C. 2913.31, each a felony of the fifth degree. On April 24, 2008, petitioner appeared, in custody, before the municipal court for a preliminary hearing, where, over no objection from the state, petitioner was granted a personal recognizance bond and released from custody. Petitioner states that at the time of his preliminary hearing, a full disclosure of his prior criminal history was contained in the court's file for review.
 {¶ 3} On May 21, 2008, the Wood County Grand Jury indicted petitioner on two counts of receiving stolen property, in violation of R.C. 2913.51, forgery, in violation of R.C. 2913.31, and misuse of credit card, in violation of R.C. 2913.21, each a felony of the fifth degree. On May 30, 2008, petitioner appeared before the common pleas court for arraignment. Defense requested a continuance of the personal recognizance bond granted by the municipal court. The state indicated that it had no objection. Judge Mayberry, however, indicated that he had "some concerns about an own recognizance bond given the nature of the charges here [in petitioner's criminal record], including escape." The court noted petitioner's "multiple, multiple counts of money laundering and receiving stolen property," the ten pages of criminal record, a number of theft-related convictions, two driving under the influence convictions, multiple prison sentences, convictions for burglary, forgery, fraud and larceny in Florida, and two years incarceration for escape. Judge Mayberry stated that he did not "know what the *Page 3 
prosecutor in Perrysburg or the judge were looking at, but [he didn't] see anything that warrants an own recognizance bond." As such, the common pleas court set bond at $10,000, no ten percent, on each of the four counts, for a total of $40,000, no ten percent.
 {¶ 4} In his petition, Gaines argues that he is being unlawfully detained because Judge Mayberry abused his discretion in establishing a cash bond based upon the same information regarding petitioner's criminal record that was available for review by the municipal court and the state at petitioner's preliminary hearing. Because the municipal court found that a personal recognizance bond was appropriate, and petitioner appeared at his arraignment pursuant to summons, petitioner argues that the common pleas court's amount of bail was excessive. Petitioner also argues that the common pleas court abused its discretion in changing the bond because there was no new information presented to the court regarding the likelihood that petitioner may abscond, and no other change in circumstance that would warrant a change in bond.
 {¶ 5} In Ohio, the writ of habeas corpus protects the right to reasonable bail. In re Petition of Gentry (1982), 7 Ohio App.3d 143,145. If the offense is bailable, the right to reasonable bail is an inviolable one which may not be infringed upon or denied. Id.; andLewis v. Telb (1985), 26 Ohio App.3d 11, 14-15. As such, a person charged with the commission of a bailable offense cannot be required to furnish bail in an excessive or unreasonable amount. Exparte Lonardo (1949), 86 Ohio App. 289, 290-91.
 {¶ 6} The purpose of bail is primarily to secure the accused's presence in court. Garcia v. Wasylyshyn, 6th Dist. No. WD-07-041,2007-Ohio-3951, ¶ 4. Pursuant to *Page 4 
R.C. 2937.23(A)(3), "[i]n all cases, the bail shall be fixed with consideration of the seriousness of the offense charged, the previous criminal record of the defendant, and the probability of the defendant appearing at the trial of the case." In addition, Section 9, Article I
of the Ohio Constitution recognizes the need to ensure public safety as a consideration for setting bail in felony cases. King v. Telb, 6th Dist. No. L-05-1022, 2005-Ohio-800, ¶ 6.
 {¶ 7} In determining the types, amounts, and conditions of bail, Crim. R. 46(C) states that the court shall consider all relevant information, including the nature and circumstances of the crime charged, the weight of the evidence against the defendant, the confirmation of the defendant's identity, the defendant's family ties, employment, financial resources, character, mental condition, length of residence in the community, jurisdiction of residence, record of convictions, record of appearance at court proceedings or of flight to avoid prosecution, and whether the defendant is on probation, a community control sanction, parole, post-release control, or bail. After weighing the factors in Crim. R. 46, the trial court may set the amount of bail within its sound discretion. Davenport v. Tehan (1970),24 Ohio St.2d 91; and Bland v. Holden (1970), 21 Ohio St.2d 238, 239.
 {¶ 8} We have previously held that this discretion to set bail also permits the trial court that set the original bond to change the amount required for bail as circumstances warrant, such as, where new information is presented to the trial court regarding the likelihood that the accused may abscond. Utley v. Kohl (1997), 120 Ohio App.3d 52,55. In making our decision in Utley, we held that "[w]here the trial court setting the original *Page 5 
bail has considered all the required factors in determining the amount of bail, and there is no showing of any changed circumstances of the accused or his surroundings, the bond as set must continue as a matterof right." (Emphasis added.) Id., citing Crim. R. 46(J).
 {¶ 9} Crim. R. 46, however, was amended in July 1998. The prior version of Crim. R. 46(J) stated that "[u]nless application is made by the surety for discharge, the same bond shall continue as a matter of right until the return of a verdict or judgment by a jury * * *." (Emphasis added.) Additionally, the amendments to bond permitted by former Crim. R. 46(H) stated, "a judge or magistrate ordering the release of a person on any condition specified in this rule may at any time amend the order to impose additional or different conditions of release." "Conditions" of release are and were separate requirements the trial court could impose upon the accused to secure his presence, in addition to or in lieu of a bond amount. Under the current version of Crim. R. 46, however, a trial court is not limited to only amending the conditions of release. SeeKing, 2005-Ohio-800, ¶ 17.
 {¶ 10} Rather, Crim. R. 46(E) states that "[a] court, at any time, may order additional or different types, amounts, or conditions of bail." (Emphasis added.) Moreover, there is no longer a "right" to the continuation of bond as stated in former Crim. R. 46. Rather, the current version of Crim. R. 46(H) merely states:
 {¶ 11} "Unless otherwise ordered by the court pursuant to division (E) of this rule, or if application is made by the surety for discharge, the same bond shall continue until the return of a verdict or the acceptance of a guilty plea. * * *" *Page 6 
 {¶ 12} We find that the language of Crim. R. 46(E) and (H) is consistent with Section 9, Article I of the Ohio Constitution, which states that "the court may determine at any time the type, amount, and conditions of bail." King, ¶ 19. In no circumstance, however, can excessive bail be required, excessive fines imposed, or cruel and unusual punishments inflicted.
 {¶ 13} In a habeas corpus action which challenges the amount of bond, we must review the decision of the trial court under an abuse of discretion standard. See Hardy v. McFaul, 103 Ohio St.3d 408,2004-Ohio-5467, ¶ 7. An abuse of the trial court's discretion occurs when the trial court's actions are unreasonable, arbitrary, or capricious. Gentry, supra at 146.
 {¶ 14} Upon review of the bond hearing in common pleas court, we find that the trial court did not abuse its discretion in setting a bond amount totaling $40,000, no ten percent. The common pleas court thoroughly considered the factors contained in R.C. 46(C) and determined that, given petitioner's lengthy record, frequent incarcerations, and criminal behavior in other jurisdictions, including a conviction for escape, that a personal recognizance bond was insufficient to secure petitioner's presence in court. Even assuming that the municipal court had petitioner's record available for review prior to releasing him on a personal recognizance bond, we do not know what factors the municipal court considered when determining bond.
 {¶ 15} Moreover, assuming arguendo that a change in circumstance is needed to justify an increase in bond amount, see, e.g., Leu v.Telb, 6th Dist. No. L-07-1217, 2007-Ohio-3317, *Page 7 
we note that petitioner had not yet been indicted at the time the municipal court set bond, and that he was charged with only three crimes, not four as finally indicted. Given the minimal threshold required to establish for a change in circumstances, see, e.g., May v.Berkemer (Mar. 29, 1977), 10th Dist. No. 77AP-183, where merely a request for a continuance of a trial date was a sufficient change in circumstances to warrant an increase in the cash bond amount required for bail, we find that the common pleas court's determination of an appropriate amount for bail in this case was made within its sound discretion.
 {¶ 16} Accordingly, we find that the petition for habeas corpus does not contain a facially valid claim and, therefore, dismiss petitioner's action. Costs of this action to be assessed against petitioner.
WRIT DISMISSED.
 {¶ 17} To the Clerk of Court:
 {¶ 18} The clerk is directed to immediately serve upon allparties a copy of this dismissal of Martin A. Gaines' petition for Writ of Habeas Corpus in a manner prescribed by Civ. R. 5(B). *Page 8 
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J., Concur. *Page 1