JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendants-appellants, Dantae Chambliss, James Bennett, and Travis Sanders, appeal the trial court's judgments removing their respective counsel, remanding them to the county jail, and ordering them to retain new counsel.
 {¶ 2} Appellants were indicted on several drug-related offenses, and each retained his own attorney. The charges carried mandatory prison time. All three appellants posted the bonds that were set for them, and were released pending trial. Appellants filed various pretrial motions, including motions to compel production of the search warrant affidavit and to unseal it, motions to suppress, and motions to disclose the identity of a confidential and reliable informant. These motions have never been ruled on.
 {¶ 3} The record reflects that the State did not want to reveal the identity of the informant in this case and, therefore, was hesitant to permit the search warrant affidavit to be unsealed. As a result of these concerns, the State and appellants reached a compromise whereby appellants would plead guilty to amended counts of the indictment which did not carry mandatory prison time, the identity of the informant would not be revealed, and the search warrant would not be unsealed. As part of the plea agreement, the State agreed to *Page 4 
recommend a community control sanction at sentencing for Sanders and two-year sentences for Chambliss and Bennett.
 {¶ 4} The trial judge assigned to the case was unavailable on the day of the plea, and the plea was taken by another judge. The plea journal entry on behalf of Sanders states that "[t]he state recommends community control sanctions and should the sentencing court choose to impose a prison term, the state has no objection to withdrawal of the pleas." The plea journal entries on behalf of Chambliss and Bennett state that the "[r]ecommended sentence by the state is 2 years[;] no objection by the state to withdraw the plea should the court choose to impose a harsher sentence." On the date set for sentencing, the trial court refused to accept the agreement between the State and the defense, and the docket reflects that appellants then orally moved to withdraw their pleas. These oral requests were granted on March 27, 2008 and the court set the matter for trial on April 8, 2008 at 9:00 am.[2]
 {¶ 5} On April 8, the day set for trial, in addressing some preliminary issues, Bennett's attorney indicated that the search warrant affidavit had not yet been ordered unsealed and, as a result, if required to proceed to trial without the necessary information to which he was entitled, he would be ineffective as counsel within the meaning of the Sixth Amendment. In response, the court ordered removed all three of appellants' attorneys, ordered appellants to retain *Page 5 
new counsel within ten days, verbally ordered the appellants' bonds revoked, by judgment entry ordered the appellants remanded to the county jail, and refused former counsels' requests to be heard on the record on behalf of their clients.[3] On April 10, 2008, counsel for appellants filed a notice of appeal, and a motion to stay execution of the court's judgments pending appeal.
 {¶ 6} On April 11, 2008, we granted a stay, vacated the trial court's order remanding appellants, and ordered that appellants be released forthwith on their previously posted bonds. We did not reinstate any revoked bonds, as revocation of the bonds did not appear in the court's entry of judgment. State v. Chambliss, Cuyahoga App. No. 91272, Motion No. 407777.
 {¶ 7} In their sole assignment of error, appellants challenge the trial court's judgments removing their counsel and remanding them to jail.
 {¶ 8} As to the issue of the remand of appellants to jail and the verbal (but not journalized) order revoking their bond, the State does not contest the merits of appellants' claim.[4] The law is clear and unequivocal that Section 9, Article I of the Ohio Constitution guarantees appellants bail, and this guarantee is put into effect by Crim. R. 46. In order to deny bail, the court is required to follow the dictates of R.C. 2937.222.[5] At oral argument, the State contended that this court had already vacated the order of remand in its entry *Page 6 
granting a stay, and since the order revoking the bonds was never journalized, there is nothing left to be resolved.
 {¶ 9} We disagree; our order vacating the remand of appellants to jail was solely in fulfillment of a "request for stay" filed by appellants; it did not resolve whether the remand was error. We first acknowledge that "remanding the defendants to jail" and "revoking their bonds" have no difference in meaning in the context of this case; whether appellants had valid bonds is of no moment; the trial court ordered all of them to jail. While new bonds did not have to be written upon our order of release of appellants, the bonds were effectively "revoked," "set aside," or "ignored"-regardless of how termed, the outcome for appellants resulted in them being incarcerated.
 {¶ 10} In this particular case, appellants were first deprived of counsel. Then, with no notice, no opportunity to be heard, and no legally sufficient cause articulated upon the record, the trial court jailed all three appellants. While the trial court stated that he did this because the pleas were vacated and appellants again faced mandatory time, [6] this statement to the Supreme Court ignores the fact that all three appellants involved here had been free on substantial surety bondsbefore pleas were ever taken, [7] and there is no evidence whatsoever that they had come to pose any greater danger to the community than they did when the bonds were first set, nor is there any evidence in the record that they ever *Page 7 
failed to appear as scheduled or breached any conditions of their bonds. In sum, there is no evidence in the record of any sort that could support a modification, let alone cancellation, of these three bonds since appellants met the conditions of their bonds in accordance with Crim. R. 46. Other than the removal of counsel, the record reflects no change of circumstances whatsoever from conditions when the original bond was set.
 {¶ 11} In Utley v. Kohn (1997), 120 Ohio App.3d 52, 696 N.E.2d 652, the court held that "[w]here the trial court setting the original bail has considered all the required factors in determining the amount of bail, and there is no showing of any changed circumstances of the accused or his surroundings, the bond as set must continue as a matter of right." Id. at 55, citing Crim. R. 46(J) and May v. Berkemer (Mar. 29, 1977), Franklin App. No. 77A-183.
 {¶ 12} The issue of a final appealable order regarding the remand of appellants is resolved by R.C. 2937.222(D)(1), which explicitly provides that "[a]n order of the court of common pleas denying bail pursuant to this section is a final, appealable order[,]" "the court of appeals shall give the appeal priority on its calendar[,]" and "[d]ecide the matter expeditiously." This court has given the bail issue priority in granting a stay, vacating the remand order, and expediting a briefing schedule and hearing. *Page 8 
 {¶ 13} We address next the unilateral removal of retained counsel by the court without request of either party, without notice and without opportunity to be heard, rendering the appellants under indictment, remanded to jail without bond, and wholly without counsel.
 {¶ 14} In United States v. Gonzalez-Lopez (2006), 548 U.S. 140,126 S.Ct. 2557, 165 L.Ed.2d 409, the United States Supreme Court held that a court's deprivation of a criminal defendant's choice of counsel entitles him to a reversal of his conviction. The court further held that appellate review of the court's decision to remove counsel is not subject to a harmless-error analysis, and stated "that the erroneous deprivation of the right to counsel of choice `with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as structural error.'" Id. at 150, quoting Sullivan v.Louisiana (1993), 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182. Structural errors are constitutional errors that defy analysis by "harmless error" standards because they affect the framework in which the trial proceeds, rather than just being error in the trial process itself. Gonzalez-Lopez at 148. Structural error permeates the entire conduct of a trial so that the trial cannot reliably serve its function as a means for determining guilt or innocence. Arizona v.Fulminante (1991), 499 U.S. 279, 309-310, 111 S.Ct. 1246,113 L.Ed.2d 302. A structural error mandates a finding of "per se prejudice."State v. Colon, *Page 9 118 Ohio St.3d 26, 30, 2008-Ohio-1624, 885 N.E.2d 917, and results in "automatic reversal." State v. Payne, 114 Ohio St.3d 502, 505, 2007-Ohio-4642,873 N.E. 2d 306. The State does not contest the merits of this claim; it contends only that the order removing retained counsel is not a final appealable order.
 {¶ 15} We must acknowledge that we are significantly troubled by this argument. By asserting that this is not a "final appealable order," the State is left in a position where, should they obtain a conviction at trial, said conviction would be subject to automatic reversal. Likewise, appellants could not possibly sustain a loss-they either "win" the case, or it is reversed. We can conceive of no greater waste of court time and resources; not to mention the cost to appellants of having to pay two sets of retained attorneys for perhaps two trials. And, in light of the "structural" nature of the error, quaere whether anything that transpired in a first trial could be used by the State against appellants in a second trial, including the testimony of appellants, should they elect to testify.
 {¶ 16} In State ex rel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176,631 N.E.2d 119, the Ohio Supreme Court, relying on Polikoff v. Adam
(1993), 67 Ohio St.3d 100, 616 N.E.2d 213, syllabus, held that a pretrial order granting a disqualification motion in a criminal case is not a final appealable order. Keenan at 178. In Polikoff, the Supreme Court held that orders that are entered in actions that are recognized at common law or in equity and were not *Page 10 
specially created by statute are not orders entered in special proceedings pursuant to R.C. 2505.02. We note, however, that bothKeenan and Polikoff were decided before Gonzalez-Lopez articulated the proposition that denial of counsel of choice is structural error entitling an aggrieved defendant to an automatic reversal of his conviction. We locate no other criminal case where disqualification of an attorney constituted a final appealable order.
 {¶ 17} We do note, however, a number of cases where denial of pro hac vice status in a civil case is a final appealable order See, for e.g.,Westfall v. Cross (2001), 144 Ohio App.3d 211, 759 N.E.2d 881;Guccione v. Hustler Magazine, Inc. (1985), 17 Ohio St.3d 88,477 N.E.2d 630. Likewise, this court, after Polikoff, in a legal malpractice case, found an order disqualifying chosen counsel was a final appealable order in Ross v. Ross (1994), 94 Ohio App.3d 123, 640 N.E.2d 265. We apprehend no reason why the selection and retention of an attorney in a civil case is to be more protected (by immediate access to the appellate process) than the choice and retention of counsel in a criminal case. Especially in a situation such as we have here, where should there be a conviction, reversal would be "automatic." Payne at 505.
 {¶ 18} Accordingly, we find error in the court's remand of appellants, and we vacate that order. Reluctantly, we find that, pursuant toKeenan, supra, the error alleged by the order directing the unilateral removal of appellants' retained *Page 11 
counsel is not a final and appealable order, and accordingly, appeal upon that issue is dismissed.[8]
[2] One appellant, Sanders, later filed a notice of objection to the order vacating the plea agreement and motion to enforce the plea agreement.
[3] Upon the record, the judge said he was revoking appellants' bonds; the judgment entries, however, do not specifically revoke the bond, rather they simply remand appellants.
[4] The State only argues that since the only journalized order is for remand, and since the defendants have been released, this issue is not "ripe" for adjudication.
[5] The record before us is silent as to whether the charges against appellants are of the nature where bail can be denied under the statute; we proceed to analyze the case as though they are.
[6] Court's affidavit in In re Disqualification of Judge John Sutula, Supreme Court Case No. 08-AP-033.
[7] On September 27, Chambers posted $100,000, and Bennett and Sanders each posted $10,000.
[8] We are particularly conflicted by this ruling because the right to an attorney of one's choice is a Sixth Amendment constitutional right in criminal cases, and does not find the same constitutional significance in a civil matter.
It is ordered that appellants and appellee equally split the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and MARY J. BOYLE, J., CONCUR
 *Page 1