[Cite as *State ex rel. Middaugh vs. Stark Cty. Sheriff*, 2016-Ohio-184.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO, Ex. Rel. PAUL J. MIDDAUGH | JUDGES: Hon. John W. Wise, P. J. Hon. Patricia A. Delaney, J. |
| Petitioner | Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2015 CA 00230 |
| STARK COUNTY SHERIFF | |
| Respondent | O P I N I O N |


CHARACTER OF PROCEEDING:        Writ of Habeas Corpus


JUDGMENT:        Dismissed


DATE OF JUDGMENT ENTRY:        January 19, 2016


APPEARANCES:

For Petitioner                                        For Respondent

BARRY T. WAKSER                          KATHLEEN O. TATARSKY
201 Cleveland Avenue SW              ASSISTANT PROSECUTOR
Suite 104                                          110 Central Plaza South, Suite 510
Canton, Ohio  44702-2202              Canton, Ohio  44702

*Wise, P. J.*

**{¶1}** Petitioner, Paul J. Middaugh, has filed a Petition for Writ of Habeas Corpus challenging the trial court's modification and/or revocation of his bond. Respondent has filed a motion to dismiss for failure to state a claim upon which relief may be granted.

**{¶2}** Petitioner is charged with possession of heroin, a felony of the fifth degree. Initially, Petitioner was free on a personal recognizance bond with pretrial release supervision. However, the bond was revoked at a pre-trial after Petitioner informed the trial court of his desire to proceed to trial.

**{¶3}** Respondent argues the bond was not revoked, but merely modified from a personal recognizance bond to a bond in the amount of $200,000.00. The distinction is one which this Court does not find relevant in this case. The bond was changed from a personal recognizance bond to one requiring Petitioner to post $200,000.00. Whether it is classified as a revocation or change is immaterial.

**{¶4}** In support of his contention that a bond cannot be revoked absent a change of circumstances, Petitioner relies on a 2007 Sixth District case, *Leu v. Telb,* 6th Dist. Lucas No. L-07-1217, 2007-Ohio-3317. The *Leu* court indeed holds bond may not be altered absent a change of circumstances. It is our opinion the *Leu* court does not state the current standard for bond reviews. The holding in *Leu* followed the Sixth District's earlier holding in *Utley v. Kohl,* 120 Ohio App.3d 52, 696 N.E.2d 652 (6th Dist.1997).

**{¶5}** The *Leu* court stated, "In making our decision in *Utley*, we held that '[w]here the trial court setting the original bail has considered all the required factors in determining the amount of bail, and there is no showing of any changed circumstances of the accused

or his surroundings, the bond as set must continue as a matter of right.' *Id.,* citing Crim.R. 46(J)." *Leu v. Telb*, 6th Dist. Lucas No. L-07-1217, 2007-Ohio-3317, ¶ 14.

{¶6} What *Leu* and Petitioner fail to recognize is that Criminal Rule 46 was amended in 1998. The version in effect at the time *Utley* was decided provided in relevant part, "(J) . . . the same bond shall continue **as a matter of right** until the return of a verdict or judgment by a jury or by the court on the issue of guilt or innocence." (emphasis added).

{¶7} Now, the rule reads as follows, "(H) Unless otherwise ordered by the court pursuant to division (E) of this rule, … the same bond shall continue until the return of a verdict or the acceptance of a guilty plea."

{¶8} Section (E) of Crim.R. 46 provides, "(E) A court, **at any time**, may order additional or different types, amounts or conditions of bail." (emphasis added).

{¶9} Reading the two sections together, once a bond is imposed, the bond shall continue until verdict unless the court changes the bond, which may be done at any time.

{¶10} The Supreme Court has explained the procedure in excessive bail habeas corpus cases.

> In general, persons accused of crimes are bailable by sufficient sureties, and "[e]xcessive bail shall not be required." Section 9, Article I, Ohio Constitution. Habeas corpus is the proper remedy to raise the claim of excessive bail in pretrial-release cases. See *State ex rel. Smirnoff v. Greene* (1998), 84 Ohio St.3d 165, 168, 702 N.E.2d 423, 425, and cases cited therein.

> In habeas corpus cases, the burden of proof is on the petitioner to establish his right to release. *Halleck v. Koloski* (1965), 4 Ohio St.2d 76, 77,

33 O.O.2d 441, 441–442, 212 N.E.2d 601, 602; *Yarbrough v. Maxwell* (1963), 174 Ohio St. 287, 288, 22 O.O.2d 341, 342, 189 N.E.2d 136, 137.

More specifically, in a habeas corpus proceeding, "where the return sets forth a justification for the detention of the petitioner, the burden of proof is on the petitioner to establish his right to release." *Id.* at 288, 22 O.O.2d at 342, 189 N.E.2d at 137. In satisfying this burden of proof, the petitioner must first introduce evidence to overcome the presumption of regularity that attaches to all court proceedings. *Id.* at 288, 22 O.O.2d at 342, 189 N.E.2d at 137.

Thus, in habeas corpus actions, "the state makes a *prima facie* case by showing by what authority it holds the prisoner" and the "burden of proceeding then shifts to the prisoner to introduce facts which would justify the granting of bail." *See, e.g., Muller v. Bridges* (1966), 280 Ala. 169, 170, 190 So.2d 722, 723.

**{¶11}** *Chari v. Vore*, 91 Ohio St.3d 323, 325, 2001-Ohio-49, 744 N.E.2d 763, 767 (2001).

**{¶12}** Here, Respondent has provided a return providing authority upon which it holds Petitioner. In turn, Petitioner has presented no evidence which would justify granting bail. The sole argument raised by Petitioner is that the trial court lacked authority to alter the amount of the bond absent a change of circumstances. The trial court provided reasons in support of the bond, including the Petitioner's prior history of using heroin to the point of overdosing, the trial court's experience with similarly situated defendants dying prior to disposition of their cases, and Petitioner's criminal history.

Petitioner has failed to present any evidence which would justify a granting his release on a bond different than the one imposed.  For this reason, Respondent's motion to dismiss is granted.  The Petition is dismissed for failure to state a claim upon which relief may be granted.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

JWW/d 106