[Cite as *Johns v. Wasylyshyn*, 2016-Ohio-564.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY


Elizabeth C. Johns                                   Court of Appeals No. WD-16-002

      Petitioner

v.

Sheriff Mark Wasylyshyn                      **DECISION AND JUDGMENT**

      Respondent                                Decided:  February 16, 2016

* * * * *

Richard M. Kerger, Kimberly A. Conklin, and Scott T. Coon, for petitioner.

Paul A. Dobson, Prosecuting Attorney, and Linda F. Holmes, Assistant
Prosecuting Attorney, for respondent.

* * * * *

**SINGER, J.**

{¶ 1} Petitioner, Elizabeth C. Johns, has filed a petition for writ of habeas corpus

against respondent, Sheriff Mark Wasylyshyn.  Petitioner brings this proceeding to

contest the amount of bail set as a condition of her release as issued by the Wood County

Court of Common Pleas.  Respondent has filed a return, and petitioner has filed a reply.

{¶ 2} Petitioner was indicted on one count of murder, two counts of endangering children and one count of involuntary manslaughter. The trial court set bond at $500,000, no ten percent.

{¶ 3} In Ohio, the writ of habeas corpus protects the right to reasonable bail. *In re Petition of Gentry*, 7 Ohio App.3d 143, 145, 454 N.E.2d 987 (6th Dist.1982). If the offense is bailable, the right to reasonable bail is an inviolable one which may not be infringed upon or denied. *Id.*; and *Lewis v. Telb,* 26 Ohio App.3d 11, 14-15, 497 N.E.2d 1376 (6th Dist.1985) As such, a person charged with the commission of a bailable offense cannot be required to furnish bail in an excessive or unreasonable amount. *Ex parte Lonardo*, 86 Ohio App. 289, 291, 89 N.E.2d 502 (8th Dist. 1949).

{¶ 4} The purpose of bail is primarily to secure the accused's presence in court *See, e.g., Wilson v. Telb*, 6th Dist. No. L-01-1008, 2001 WL 27546. In addition to this purpose, Section 9, Article I of the Ohio Constitution and Crim.R. 46 recognize the need to ensure public safety as a consideration for setting bail in felony cases. *King v. Telb*, 6th Dist. Lucas No. L-05-1022, 2005-Ohio-800, ¶ 6.

{¶ 5} Pursuant to R.C. 2937.23(A)(3), "bail shall be fixed with consideration of the seriousness of the offense charged, the previous criminal record of the defendant, and the probability of the defendant appearing at the trial of the case." Additionally, in determining the types, amounts, and conditions of bail, Crim.R. 46(C) states that the court shall consider all relevant information, including the nature and circumstances of the crime charged, the weight of the evidence against the defendant, the confirmation of

2.

the defendant's identity, the defendant's family ties, employment, financial resources, character, mental condition, length of residence in the community, jurisdiction of residence, record of convictions, record of appearance at court proceedings or of flight to avoid prosecution, and whether the defendant is on probation, a community control sanction, parole, post-release control, or bail.

{¶ 6} Additionally, petitioner has complied with R.C. 2969.25(A) in the form of a supplemental affidavit indicating she has not filed any civil actions or appeals in the previous five years.[1]

{¶ 7} In this case, petitioner was indicted on four felonies. She has a 2012 prior conviction for misuse of a credit card in violation of R.C. 2913.04. At the time of her son's death, she was on probation in the Bowling Green Municipal Court for that offense. She currently has a $10,000 bond, no ten percent, for a 2014 theft offense wherein she is accused of stealing lottery tickets from her employer, a local gas station.

{¶ 8} Under the facts and circumstances in this case, the death of a young child, we cannot say that the bail amount of $500,000, no 10%, is excessive. Therefore, petitioner alleges no facts that indicate an abuse of discretion by the trial court or that appropriate grounds for independent review by this court exist. See *Chari v. Vore,* 91 Ohio St.3d 323, 325, 2001–Ohio–49, 744 N.E.2d 763, 767 (2001), citing to *Jenkins v. Billy,* 43 Ohio St.3d 84, 538 N.E.2d 1045 (1989) (writ may be denied without ordering a return in a habeas corpus case involving an excessive-bail claim, where facts alleged do

---

[1] We granted petitioner's January 25, 2016 motion to amend the habeas petition with the R.C. 2969.25(A) affidavit.

3.

not indicate either an abuse of discretion by the trial court or that appropriate grounds for independent review exist). We find nothing alleged in the petition that makes it appear that the writ ought to issue. *See* R.C. 2725.06 (when "petition for a writ of habeas corpus is presented, if it appears that the writ ought to issue, a court or judge authorized to grant the writ must grant it forthwith").

{¶ 9} Accordingly, we decline to issue the writ and petitioner's application for writ of habeas corpus is not well-taken and is denied. Petitioner is ordered to pay court costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal pursuant to Civ.R. 58(B).

Writ denied.

Arlene Singer, J.

Thomas J. Osowik, J.

James D. Jensen, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.