BLAND *v.* HOLDEN, JUDGE, ET AL.

(No. 69-847—Decided March 25, 1970.)

*Mr. Otto Beatty, Jr.,* for petitioner.
*Mr. C. Howard Johnson,* prosecuting attorney, and *Mr. James J. O'Grady,* for respondents.

*Per Curiam.* This is an action in habeas corpus originating in this court. Petitioner's contention is that he is being held under excessive bail, contrary to the provisions of Section 9 of Article I of the Ohio Constitution.

Petitioner is under indictment on 17 counts as follows: five counts of rape, five counts of armed robbery, five counts of breaking and entering, one count of burglary of an inhabited dwelling and one count of malicious entry. The five counts of rape, robbery and breaking and entering all arose out of the same five transactions. His bail is set at $45,000.

The purpose of bail is to secure the attendance of the accused at his trial. The amount of bail is largely within the sound discretion of the court. The court may consider the character and past record of the accused, the seriousness of and the number of crimes for which he is charged and the penalties attached thereto. Annotation, 72 A. L. R. 801. If the penalty is not great, the accused may have no incentive to jump bail. On the other hand, if an accused is charged with crimes the conviction for which would result in long incarceration, with little hope of early release or probation, the incentive to abscond is greater and the amount must be such as to discourage the accused from absconding.

In the instant case, petitioner is charged with crimes for which, upon conviction, he has no chance of probation and in which the penalty is life imprisonment or long periods of incarceration. Therefore, it does not appear that the bail is excessive.

The writ of habeas corpus is denied and the petitioner is remanded to custody.

*Petitioner remanded to custody.*

TAFT, C. J., LEACH, O'NEILL, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.