JENKINS *v.* BILLY, SHERIFF.

[Cite as Jenkins *v.* Billy (1989), 43 Ohio St. 3d 84.]

(No. 89-478—Submitted March 29, 1989—Decided May 17, 1989.)

*Steven A. Larson,* for petitioner.

*Robert L. Becker,* prosecuting attorney, and *Kenneth W. Oswalt,* for respondent.

*Per Curiam.* Respondent has filed a motion to dismiss for failure to state a claim on which relief can be granted, stating three grounds: that the trial court has proper jurisdiction, which petitioner does not challenge, that petitioner has an adequate remedy at law via a direct appeal from the denial of a similar request for a writ filed in the Court of Appeals for Licking County, and that the trial court did not abuse its discretion in setting the amount of bond. We decline to dismiss his petition on any of these grounds, and in so doing, reaffirm the holding in *State* v. *Bevacqua* (1946), 147 Ohio St. 20, 33 O.O. 186, 67 N.E. 2d 786, that habeas corpus is the appropriate remedy to raise the claim of excessive bail in pretrial release cases, notwithstanding our recent opinion in *Dapice* v. *Stickrath* (1988), 40 Ohio St. 3d 298, 533 N.E. 2d 339, which concerned release on bail after conviction. Thus, we overrule respondent's motion to dismiss. Nevertheless, we decline to issue the writ.

The purpose of bail is to secure the attendance of the accused at trial. See Crim. R. 46(A). Crim. R. 46(F) specifies what conditions a court must consider in setting bail. These include family and community ties and past criminal record, but also include other matters. Crim. R. 46(C)(4) permits a court to impose a cash bond. Moreover, "[t]he amount of bail is largely within the sound discretion of the court." *Bland* v. *Holden* (1970), 21 Ohio St. 2d 238, 239, 50 O.O. 2d 477, 257 N.E. 2d 397, 398.

Here, petitioner alleges no facts that indicate an abuse of discretion by the trial court or that appropriate grounds for independent review by this court exist. *In re DeFronzo* (1977), 49 Ohio St. 2d 271, 3 O.O. 3d 408, 361 N.E. 2d 448. R.C. 2725.06 provides that "[w]hen a petition for a writ of habeas corpus is presented, if it appears that the writ ought to issue, a court or judge authorized to grant the writ must grant it forthwith." We find nothing alleged in the petition that makes it appear that the writ ought to issue. Accordingly, we decline to issue the writ.

*Writ denied.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.