HARDY, APPELLANT, v. McFAUL, SHERIFF, APPELLEE.

[Cite as *Hardy v. McFaul,* 103 Ohio St.3d 408, 2004-Ohio-5467.]

(No. 2004–0922—Submitted September 15, 2004—Decided October 27, 2004.)

———————

**Per Curiam.**

{¶ 1} In *State v. Hardy,* Cuyahoga County Common Pleas Court case No. CR–429576, appellant, Christopher Hardy, was charged with two counts of rape, two counts of kidnapping, and one count each of abduction, felonious assault, and domestic violence. At his arraignment, the trial court set a $10,000 bond, which he posted. After a jury trial, Hardy was convicted of rape, kidnapping, and domestic violence. The trial court sentenced Hardy to five years in prison.

{¶ 2} On appeal, the court of appeals reversed and remanded the cause for a new trial because the trial court had responded to jury questions outside of Hardy's presence. *State v. Hardy,* Cuyahoga App. No. 82620, 2004-Ohio-56, 2004 WL 35941. The court of appeals expressly found, however, that evidence existed

———————

1. We deny appellant's motions to grant oral argument and to determine the existence of a conflict of interest.

to support the kidnapping conviction and that Hardy did not address the sufficiency of the evidence relating to the other rape charge, on which he was found guilty. Id. at ¶ 23–24.

{¶ 3} Hardy filed a new motion for bond, and on April 5, 2004, the trial court set bond at "$75,000.00 for reasons given on the oral record after oral hearing had on the oral record."

{¶ 4} On April 13, 2004, Hardy filed a petition in the Court of Appeals for Cuyahoga County for a writ of habeas corpus to compel appellee, Cuyahoga County Sheriff Gerald T. McFaul, to release him from jail on his original $10,000 bond or on personal bond pending retrial. Hardy claimed that the $75,000 bond was excessive. The sheriff moved to dismiss the petition. On May 27, 2004, the court of appeals granted the sheriff's motion and dismissed Hardy's petition.

{¶ 5} On appeal, Hardy asserts that the court of appeals erred in dismissing his habeas corpus petition.

{¶ 6} In order to avoid dismissal, Hardy had to state with particularity the extraordinary circumstances entitling him to habeas corpus relief. *Hammond v. Dallman* (1992), 63 Ohio St.3d 666, 668, 590 N.E.2d 744. As the court of appeals determined, however, Hardy's allegations were insufficient to withstand dismissal:

{¶ 7} "In the present case, this court concludes that a $75,000 bond is not an abuse of discretion. Rape, kidnapping, and domestic violence are very serious offenses. The Cuyahoga County Common Pleas Court Bail Investigation Guidelines provide that the appropriate range for bail in rape cases is $5,000 to $100,000. Thus, a $75,000 bail is within the suggested range. Furthermore, there is no doubt concerning the petitioner's identification, and more importantly, the evidence weighs heavily against him. The trial completely developed the evidence. Knowing that the evidence was strong enough to convince a jury of guilt beyond a reasonable doubt and knowing the certainty of a five-year prison sentence increases the likelihood of flight. Similarly, the judge also fully knows the incriminating nature of the evidence and has had an excellent opportunity to observe and learn the petitioner's nature and character. Therefore, substantially increasing the amount of bail after conviction, on remand for new trial, and within the suggested guidelines for the serious offense of rape, was not an abuse of discretion." *Hardy v. McFaul,* Cuyahoga App. No. 84495, 2004-Ohio-2694, 2004 WL 1171879, ¶ 6.

{¶ 8} The trial court was authorized to increase the amount of Hardy's bail, and in making its decision, it could properly consider the nature and circumstances of the crimes charged, the weight of the evidence against him, and the evidence confirming his identity as the perpetrator of the crimes. Crim.R.

46(C)(1), (2), and (3); *Chari v. Vore* (2001), 91 Ohio St.3d 323, 328, 744 N.E.2d 763. The first trial revealed strong evidence on all of these factors.

{¶ 9} Moreover, Hardy's reliance on evidence from his trial that was not before the court of appeals in the habeas corpus proceeding is misplaced. " 'A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.' " *State ex rel. Duncan v. Chippewa Twp. Trustees* (1995), 73 Ohio St.3d 728, 730, 654 N.E.2d 1254, quoting *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, paragraph one of the syllabus.

{¶ 10} Finally, although Hardy attached a copy of the trial court's entry setting the $75,000 bond, he did not include a copy of the transcript of the oral hearing specified in the trial court's entry as including the "reasons" for the bond amount. Cf. *Christy v. Summit Cty. Bd. of Elections* (1996), 77 Ohio St.3d 35, 39, 671 N.E.2d 1 (in absence of submission of hearing transcript, court presumes the regularity of the board's determination).

{¶ 11} Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———

Paul Mancino Jr., for appellant.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Amy E. Venesile, Assistant Prosecuting Attorney, for appellee.