SARGENT

v.

LEIS, Sheriff.

[Cite as *Sargent v. Leis,* 159 Ohio App.3d 658, 2005-Ohio-526.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–040888.

Decided Feb. 11, 2005.

Schuh & Goldberg, L.L.P., and Jonathan P. Dameron, for petitioner.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, for respondent.

GORMAN, Judge.

{¶ 1} On December 27, 2004, Eric Chenault filed a verified petition for a writ of habeas corpus to compel Hamilton County Sheriff Simon Leis to release him from the Justice Center on his original $35,900 bond with a ten percent cash deposit pending his trial in the Hamilton County Court of Common Pleas. Chenault is awaiting trial on charges of aggravated robbery, robbery, carrying a concealed weapon, and having a weapon under a disability in case No. B–0409470. He

claims that the $175,000 bond, increased when he subsequently appeared before the common pleas court on December 13, 2004, is excessive. We have overruled the sheriff's motion to dismiss the petition, concluding that the allegations in the petition are adequate and setting the petition for hearing on February 1, 2004.

{¶ 2} On September 1, 2004, police apprehended Chenault, a juvenile, following the robbery, at gunpoint, of a taxi driver by two men. The juvenile court bound him over to the common pleas court to be tried as an adult and set Chenault's bond at $35,900 with a ten percent cash deposit, with the condition that he be placed in the electronic monitoring unit. He alleges that his bond was not changed at his arraignment on October 22, 2004.

{¶ 3} At a December 13, 2004, hearing on Chenault's motion to suppress, his counsel requested a continuance, as he had not obtained discovery from the prosecutor. The trial court granted the motion for a continuance, but stated, "I did indicate that it was continued from last time and I did indicate that I was going to review bond last time based upon the allegations here."

{¶ 4} At the court's request, the prosecutor informed the court that following the robbery, police spotted Chenault at 3:00 a.m. He ran as they approached. Police tracked Chenault with dogs into a wooded area, where he was arrested. The police recovered a black revolver claimed to be similar to the one reportedly used in the robbery of the taxi driver. The prosecutor also advised the court that Chenault had a record of juvenile adjudications for robbery and breaking and entering.

{¶ 5} Chenault's counsel told the court that at the bindover hearing in juvenile court, the victim's description of the perpetrator differed from Chenault and that there was evidence that the gun had someone else's fingerprint on it. He also emphasized that Chenault had made every court appearance.

{¶ 6} The court gave the following reasons for increasing Chenault's bond: "Well, based upon the allegations that this happened at 3 o'clock in the morning, based upon the allegation that the defendant ran, based upon the allegation or the serious nature of the allegations and also based upon the fact that he has at least two prior adjudications and one for robbery and one for possible burglary, the allegations are very serious involving a firearm which, if convicted, would mean mandatory time. I believe the present bond is not substantial enough to ensure his appearance, so bond will be raised to $175,000 surety only and no 10 percent."

{¶ 7} In support of his verified petition, Chenault has attached a copy of the trial court's order increasing his bond to $175,000 and has filed with the clerk the transcript of the December 13, 2004 hearing. Because habeas corpus is the appropriate remedy to challenge excessive bail in pretrial-release cases, we

overruled the state's motion to dismiss and set Chenault's petition for hearing. See Section 9, Article I, Ohio Constitution; see, also, *State ex rel. Smirnoff v. Greene* (1998), 84 Ohio St.3d 165, 168, 702 N.E.2d 423; *Jenkins v. Billy* (1989), 43 Ohio St.3d 84, 538 N.E.2d 1045. But we decline to issue the writ.

{¶ 8} Under Crim.R. 46(E), the trial court had authority to increase Chenault's bail at any time. In doing so, the court could consider the nature and circumstances of the crime charged, the weight of the evidence against Chenault, and the confirmation of his identity. See Crim.R. 46(C)(1) through (3); see, also, *Chari v. Vore* (2001), 91 Ohio St.3d 323, 328, 744 N.E.2d 763.

{¶ 9} When the return sets forth the sheriff's justification for the petitioner's detention as specified for habeas corpus in R.C. 2725.14, the petitioner has the burden of going forward with the evidence, the burden of production, to prove that bail is excessive. See *Chari*, 91 Ohio St.3d at 326, 744 N.E.2d 763. Although the sheriff's return has apparently not been filed pursuant to R.C. 2725.12 and 2725.14, there is authority that the motion to dismiss may be treated as the return. See *Hammond v. Dallman* (1992), 63 Ohio St.3d 666, 590 N.E.2d 744. It is undisputed that Chenault is in the custody of the sheriff, who is detaining him in the Justice Center until he posts the $175,000 bond.

{¶ 10} The amount of bail is a matter within the sound discretion of the trial court. See *Jenkins v. Billy,* 43 Ohio St.3d at 85, 538 N.E.2d 1045. We find nothing in the petition or in the transcript of the hearing of December 13, 2004, to suggest that the trial court, when it acted in conformity with the broad authority granted in Crim.R. 46(C) and (E), abused its discretion. We also note that Chenault has not specifically challenged the type of bail set by the court under Crim.R. 46(A). Therefore, Chenault has failed to establish that the writ should issue, and it is, accordingly, denied.

Writ denied.

HILDEBRANDT, P.J., concurs.

PAINTER, J., dissents.

PAINTER, Judge, dissenting.

{¶ 11} "Excessive bail shall not be required," says the Ohio Constitution, in Section 9, Article I, parroting the Eighth Amendment to the United States Constitution. I believe both documents apply in Hamilton County, Ohio. The bail here is excessive and thus unconstitutional.

{¶ 12} On September 1, 2004, a juvenile defendant was charged with a serious crime. The juvenile court set bond at $37,900, which was posted, and required

the defendant to be on electronic monitoring, which tracks his whereabouts at all times. He was then bound over to common pleas court.

{¶ 13} The defendant appeared at court hearings on September 27, October 22, October 27, November 18, and December 13, 2004. His bond was evidently sufficient to ensure his appearance through September, October, November, and the first part of December.

{¶ 14} He (more probably his family) posted a substantial bond. He appeared at every court hearing. He complied with the electronic monitoring (which caused him to lose his job). Absolutely nothing has changed from when the original bond was set, except that he has made every appearance. Then on December 13, 2004, the common pleas court up and jerked him into jail on a bond, $175,000, that few people this side of Indian Hill could post.

{¶ 15} A high bail is tantamount to no bail if you cannot make it. The defendant is only accused of a crime. He still has the presumption of innocence. But that seems to mean nothing in this case.

{¶ 16} When a defendant has made all appearances, posted a substantial bond, and complied with electronic monitoring, and when nothing else has changed since his original bond hearing, *of course* it is an abuse of discretion to raise the bond. Of course it is unreasonable, arbitrary, and capricious. And of course it is unconstitutional.

{¶ 17} I would reinstate the original bond set by the juvenile court.