DECISION AND JUDGMENT ENTRY.
On October 27, 2005, the petitioner, Dwayne Smith, filed a verified petition for a writ of habeas corpus in which he claims that he is presently being held in the Hamilton County Justice Center under excessive bail of "$500,000, no 10%." The sheriff was duly served with the petition for the writ. On November 7, 2005, a three-judge panel of this court held a hearing on the petition and on the state's motion to dismiss. The matter was submitted for decision by agreement of counsel upon the pleadings, the return of the writ, the transcript of proceedings from the October 26, 2005, bail hearing, and the arguments of counsel.
Smith entered a plea of no contest to two counts of possession of cocaine, one count of trafficking in cocaine, three counts of having a weapon while under a disability, and one count of receiving stolen property. The plea was made after his motion to suppress was denied by the trial court. On appeal, his convictions were reversed in the case numbered C-040750, and the case was remanded to the trial court. This court held that an anonymous tip did not rise to the level of reliability required to give police reasonable suspicion to stop Smith's car. On remand, the trial court set bail in the amount of "$500,000, no 10%."
Habeas corpus is the appropriate remedy to secure relief from excessive bail under Section 9, Article I, Ohio Constitution. See, also, State exrel. Smirnoff v. Greene, 84 Ohio St.3d 165, 168, 1998-Ohio-526,702 N.E.2d 423; Jenkins v. Billy (1989), 43 Ohio St.3d 84, 538 N.E.2d 1045. It is undisputed that Smith is in the custody of the sheriff, who is detaining him in the Hamilton County Justice Center until he posts the $500,000 bail.
While the amount of bail is ordinarily a matter within the sound discretion of the trial court, this court has the power to make independent findings and to change the amount of bail set by the trial court. In using the term "not 10%" rather than "cash only," the trial court was seeking to do indirectly what it could not do directly. "Cash only" bail conditions are unconstitutional under Section 9, Article I of the Ohio Constitution. See State ex rel. Jones v. Hendon (1993),66 Ohio St.3d 110, 609 N.E.2d 541, and Smith v. Leis, 106 Ohio St.3d 309,2005-Ohio-5125, 835 N.E.2d 5. We hold that the trial court did not act in conformity with Crim.R. 46(A) and abused its discretion.
Therefore, it is the Order of this Court that the petitioner shall be released pending the disposition of a new trial upon execution of a $50,000 bail as set forth in Crim.R. 46(A)(2) or (3). Further, such bail is to be posted in the trial court and is subject to the approval of the clerk of that court.
The Court, upon consideration of the respondent's motion to dismiss, finds that it is not well taken, and it is hereby overruled.
Writ granted.
Doan, P.J., Painter and Sundermann, JJ.