DECISION AND JUDGMENT ENTRY
{¶ 1} Petitioner, Javier Garcia, has filed a petition for writ of habeas corpus against respondent, Sheriff Mark Wasylyshyn. Petitioner brings this proceeding to contest the amount of bail set as a condition of his release as issued by the Wood County Court of Common Pleas.
 {¶ 2} Petitioner was indicted on the following four counts: Count 1 — aggravated riot with a gang specification, a violation of R.C.2917.02(A)(2), a felony of the fourth degree; Count 2 — complicity to vandalism, a violation of R.C. 2923.03(A)(2) and (3) and *Page 2 
2909.05(A), a felony of the fifth degree; Count 3 — complicity to attempted aggravated burglary, a violation of R.C. 2923.03(A)(2) and (3), 2912.02(A) and 2911.11(A)(1), a felony of the second degree; and Count 4-participating in a criminal gang, a violation of R.C. 2923.42(A) and (B) a felony of the second degree. The trial court set bond at $100,000, no ten percent.
 {¶ 3} In Ohio, the writ of habeas corpus protects the right to reasonable bail. In re Petition of Gentry (1982), 7 Ohio App.3d 143,145. If the offense is bailable, the right to reasonable bail is an inviolable one which may not be infringed upon or denied. Id.; andLewis v. Telb (1985), 26 Ohio App.3d 11, 14-15. As such, a person charged with the commission of a bailable offense cannot be required to furnish bail in an excessive or unreasonable amount. Ex parteLonardo (1949), 86 Ohio App. 289, 291.
 {¶ 4} The purpose of bail is primarily to secure the accused's presence in court. See, e.g., Wilson v. Telb (Jan. 11, 2001), 6th Dist. No. L-01-1008. In addition to this purpose, Section 9, Article I of the Ohio Constitution and Crim.R. 46 recognize the need to ensure public safety as a consideration for setting bail in felony cases. King v.Telb, 6th Dist. No. L-05-1022, 2005-Ohio-800, ¶ 6.
 {¶ 5} Pursuant to R.C. 2937.23(A)(3), "* * * bail shall be fixed with consideration of the seriousness of the offense charged, the previous criminal record of the defendant, and the probability of the defendant appearing at the trial of the case." Additionally, in determining the types, amounts, and conditions of bail, Crim.R. 46(C) states that the court shall consider all relevant information, including the nature and *Page 3 
circumstances of the crime charged, the weight of the evidence against the defendant, the confirmation of the defendant's identity, the defendant's family ties, employment, financial resources, character, mental condition, length of residence in the community, jurisdiction of residence, record of convictions, record of appearance at court proceedings or of flight to avoid prosecution, and whether the defendant is on probation, a community control sanction, parole, post-release control, or bail.
 {¶ 6} Crim.R. 46(C)(4) also permits a court to impose a cash bond. After weighing the factors in Crim.R. 46, the trial court may set the amount of bail within its sound discretion. Davenport v. Tehan (1970),24 Ohio St.2d 91; and Bland v. Holden (1970), 21 Ohio St.2d 238, 239. Thus, our review in a habeas corpus action which challenges the amount of bond, is limited to whether the trial court abused its discretion. See Hardy v. McFaul, 103 Ohio St.3d 408, 2004-Ohio-5467, ¶ 7. An abuse of the trial court's discretion occurs when the trial court's actions are unreasonable, arbitrary, or capricious. Gentry, supra, at 146.
 {¶ 7} In this case, petitioner was indicted on two second degree felonies, one fourth degree felony, and one fifth degree felony. The charges relate to both gang activity, as well as aggravated burglary, all serious offenses. Contrary to the claims presented in his petition, nothing in the record provided indicates that the trial court apportioned the bond to $25,000 for each count. The trial court's judgment entry states only that bond is set at "$100,000, without 10% to apply, with the additional conditions *Page 4 
that he has no contact with any of the co-defendants." Consequently, we must view the propriety of the amount set as it relates to the aggregate of the four charges.
 {¶ 8} Petitioner states that, if released, he would live with his parents in Toledo, Ohio, become re-employed, and would begin attending a community college. Nevertheless, he is only 20 years old and has no substantial ties to the community other than his parents. The nature and number of counts, as well as the possible sentences if convicted, support the implication that petitioner may indeed be a flight risk and that protection of the community is also necessary.
 {¶ 9} Under the facts and circumstances in this case, we cannot say that the bail amount of $100,000, no 10%, is excessive. Therefore, petitioner alleges no facts that indicate an abuse of discretion by the trial court or that appropriate grounds for independent review by this court exist. See Chari v. Vore (2001), 91 Ohio St.3d 323, 328, citing toJenkins v. Billy (1989), 43 Ohio St.3d 84, 85 (writ may be denied without ordering a return in a habeas corpus case involving an excessive-bail claim, where facts alleged do not indicate either an abuse of discretion by the trial court or that appropriate grounds for independent review exist); and In re DeFronzo (1977), 49 Ohio St.2d 271. We find nothing alleged in the petition that makes it appear that the writ ought to issue. See R.C. 2725.06 (when "petition for a writ of habeas corpus is presented, if it appears that the writ ought to issue, a court or judge authorized to grant the writ must grant it forthwith"). *Page 5 
 {¶ 10} Accordingly, we decline to issue the writ and petitioner's application for writ of habeas corpus is not well-taken and is denied. Petitioner is ordered to pay court costs.
 {¶ 11} The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal pursuant to Civ.R. 58(B).
 {¶ 12} Pursuant to Civ.R. 58(B), the clerk is directed to serve allparties not in default for failure to appear with notice of thisjudgment and its date of entry on the journal.
APPLICATION DENIED
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J. CONCUR. *Page 1