DECISION. *Page 2 
{¶ 1} Petitioner Ronald Floyd was indicted on one count of trafficking in cocaine[1] and one count of possession of cocaine.[2] At the time of his arraignment on March 3, 2008, bond was set at $50,000. Floyd posted bond through a bonding company the next day. On January 22, 2009, the state filed a motion to review Floyd's bond. The trial court conducted a hearing and increased the bond to $300,000.
 {¶ 2} On February 24, 2009, Floyd filed a verified petition for a writ of habeas corpus. He claims that he is being held in the Hamilton County Justice Center under an excessive bond. On March 23, 2009, a three-judge panel of this court held a hearing on the petition and on the state's motion to dismiss. The case was submitted for decision upon the[3]
pleadings, various entries filed in the criminal prosecution, the transcript of the proceedings from the January 22, 2009, bond hearing, and the arguments of counsel.
 {¶ 3} The amount of bond is a matter within the sound discretion of the trial court.3 While the transcript indicates that the trial court referred to the bond in this case as "cash only," the entry contains no such limitation. It is well established that "cash only" bond conditions are unconstitutional under Section 9, Article I of the Ohio Constitution.[4] But since a trial court speaks only through its entries, we construe the entry setting Floyd's bond as containing no such "cash only" condition. We interpret the entry to mean that Floyd can post his bond in any manner permitted by Crim. R. 46. *Page 3 
 {¶ 4} Having so interpreted the entry, we find no reason to conclude that the bond set in this case is excessive. The trial court was authorized to increase Floyd's bond; and in making its decision, it could properly consider the nature and circumstances of the crimes charged, the weight of the evidence against him, and the evidence confirming his identity as the perpetrator of the crimes.[5] The trial court noted that the charges in this case carry a mandatory prison term, and that Floyd is also facing postrelease-control sanctions from a previous conviction. Other than citing to "a simple review of the facts," Floyd does not even argue that the bond is excessive — just that it is more than it was before. This is not enough.
 {¶ 5} In light of our interpretation of the entry setting the bond in this case, we find nothing alleged in the petition that makes it appear that the writ ought to issue, [6] and the request for a writ is hereby denied. The state's motion to dismiss is overruled as moot.
Writ denied.
HILDEBRANDT, P.J., PAINTER and DINKELACKER, JJ.
[1] R.C. 2925.03(A)(2).
[2] R.C. 2925.11(A).
[3] Jenkins v. Billy (1989), 43 Ohio St.3d 84, 538 N.E.2d 1045.
[4] See State ex rel. Jones v. Hendon (1993), 66 Ohio St.3d 115,609 N.E.2d 541, and Smith v. Leis, 106 Ohio St.3d 309, 2005-Ohio-5125,835 N.E.2d 5.
[5] Hardy v. McFaul, 103 Ohio St.3d 408, 2004-Ohio-5467,816 N.E.2d 248, at ¶ 8, citing Crim. R. 46(C)(1), (2), and (3); Chari v. Vore,91 Ohio St.3d 323, 328, 2001-Ohio-49, 744 N.E.2d 763.
[6] Jenkins, supra. *Page 1