[Cite as *Lazzerini v. Maier*, 2018-Ohio-1788.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| FRANK D. LAZZERINI | JUDGES: |
| | Hon. John W. Wise, P. J. |
| Petitioner | Hon. Patricia A. Delaney, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2018 CA 00025 |
| GEORGE T. MAIER, SHERIFF | |
| | |
| Respondent | O P I N I O N |


CHARACTER OF PROCEEDING:            Petition for Writ of Habeas Corpus


JUDGMENT:                                         Dismissed


DATE OF JUDGMENT ENTRY:            May 2, 2018


APPEARANCES:

For Petitioner                                      For Respondent

DONALD J. MALARCIK                      JOHN D. FERRERO
BRIAN M. PIERCE                             PROSECUTING ATTORNEY
54 East Mill Street                            KATHLEEN O. TATARSKY
Suite 400                                          ASSISTANT PROSECUTOR
Akron, Ohio  44308                            110 Central Plaza South, Suite 510
                                                         Canton, Ohio  44702-0049

*Wise, John, P. J.*

**{¶1}**    Petitioner, Frank D. Lazzerini, has filed a Petition for Writ of Habeas Corpus alleging unlawful detention due to excessive bail.   Respondent has filed an Answer, Return, and Motion to Dismiss.

**{¶2}**    An indictment has been issued against Petitioner containing 272 felony counts.  Those counts include Telecommunications Fraud, Grand Theft, Tampering with Records, Involuntary Manslaughter, Aggravated Trafficking in Drugs, and Trafficking in Drugs.

The principles governing habeas corpus in these matters are well established. Under both the United States and Ohio Constitutions, 'excessive bail shall not be required.' If the offense is bailable, the right to reasonable bail is an inviolable one which may not be infringed or denied. *In re Gentry* (1982), 7 Ohio App.3d 143, 7 OBR 187, 454 N.E.2d 987, and *Lewis v. Telb* (1985), 26 Ohio App.3d 11, 26 OBR 179, 497 N.E.2d 1376. The purpose of bail is to secure the attendance of the accused at trial. *Bland v. Holden* (1970), 21 Ohio St.2d 238, 50 O.O.2d 477, 257 N.E.2d 397.

In Ohio, the writ of habeas corpus protects the right to reasonable bail. *In re Gentry.* A person charged with the commission of a bailable offense cannot be required to furnish bail in an excessive or unreasonable amount. *In re Lonardo* (1949), 86 Ohio App. 289, 41 O.O. 313, 89 N.E.2d 502. Indeed, bail set at an unreasonable amount violates the constitutional guarantees. *Stack v. Boyle* (1951), 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3.

Pursuant to Crim.R. 46, in determining what is reasonable bail, the court must weigh various factors: the nature and circumstances of the offense charged, the weight of the evidence, the accused's history of flight or failure to appear at court proceedings, his ties to the community, including his family, financial resources and employment, and his character and mental condition. After weighing these factors, the trial judge sets the amount of bail within his sound discretion. In a habeas corpus action to contest the reasonableness of bond, this court must determine whether the trial court abused its discretion. *Jenkins v. Billy* (1989), 43 Ohio St.3d 84, 538 N.E.2d 1045; *In re Gentry* (1982), 7 Ohio App.3d 143, 7 OBR 187, 454 N.E.2d 987; *Lewis* (1985), 26 Ohio App.3d 11, 26 OBR 179, 497 N.E.2d 1376; and *In re Green* (1995), 101 Ohio App.3d 726, 656 N.E.2d 705. *In re Periandri*, 142 Ohio App. 3d 588, 591, 756 N.E.2d 682, 684 (8th Dist.).

What bail is or is not reasonable is a question for the exercise of sound discretion by the court. The decision is dependent upon all the facts and circumstances in each individual case. *Bland v. Holden* (1970), 21 Ohio St.2d 238, 257 N.E.2d 397 [50 O.O.2d 477]." *Petition of Gentry*, 7 Ohio App. 3d 143, 145, 454 N.E.2d 987, 989-90 (1982).

{¶3} An abuse of discretion occurs when a court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶4} Bail in the underlying case was set in the amount of $5,000,000. Petitioner filed a motion requesting modification of the bail. A hearing was held wherein the parties

presented arguments in support of their positions. No evidence was offered in support of the arguments.

{¶5} At the hearing on the motion to modify the bail amount, the trial court relied on the seriousness of the offenses charged which include two involuntary manslaughter counts, engaging in a pattern of corrupt activity, 28 counts of aggravated trafficking in drugs, 9 of which include major drug offender specifications, in its decision to keep the bond at five million dollars. Further, the trial court found the probability of appearing in court was lessened due to the substantial and unprecedented number of charges against Relator, as well as due to the potential significant sentence.

{¶6} We cannot say under these circumstances that we find the trial court abused its discretion in setting the bond in this case.

{¶7} The Supreme Court has further held,

[I]n a habeas corpus proceeding, "where the return sets forth a justification for the detention of the petitioner, the burden of proof is on the petitioner to establish his right to release." *Id.* at 288, 22 O.O.2d at 342, 189 N.E.2d at 137. In satisfying this burden of proof, the petitioner must first introduce evidence to overcome the presumption of regularity that attaches to all court proceedings. *Id.* at 288, 22 O.O.2d at 342, 189 N.E.2d at 137.

Thus, in habeas corpus actions, "the state makes a *prima facie* case by showing by what authority it holds the prisoner" and the "burden of proceeding then shifts to the prisoner to introduce facts which would justify the granting of bail. See, *e.g., Muller v. Bridges* (1966), 280 Ala. 169, 170,

190 So.2d 722, 723. *Chari v. Vore*, 91 Ohio St.3d 323, 2001-Ohio-49, 744 N.E.2d 763 (2001).

**{¶8}**    Respondent directs this Court to the fact Petitioner's failure to present any evidence in support of his claims such as proof of Petitioner's financial status, medical licensure status, and passport status.

**{¶9}**    Because Petitioner has not introduced evidence demonstrating he is entitled to the issuance of a writ of habeas corpus and because we cannot find the trial court abused its discretion in setting the bond, the motion to dismiss is granted.

By: Wise, John, P. J.

Delaney, J., and

Wise, Earle, J., concur.

JWW/d 0418