[Cite as *Walls v. Sigsworth*, 2019-Ohio-333.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Michael Walls

    Petitioner

v.

Sheriff Paul Sigsworth

    Relator

Court of Appeals No. E-19-001

**<u>DECISION AND JUDGMENT</u>**

Decided:  February 1, 2019

* * * * *

John D. Toth, for petitioner.

* * * * *

**MAYLE, P.J.**

{¶ 1} Petitioner, Michael Walls, petitions this court for a writ of habeas corpus and requests that his bond be amended from $1 million to $250,000 with a ten percent security deposit allowed.  For the reasons that follow, we deny Walls's petition.

**I.  Background**

{¶ 2} Michael Walls was convicted of ten counts of rape of a victim less than ten years of age, violations of R.C. 2907.02(A)(1)(b) (Counts 1 through 11); six counts of

rape of a victim less than 13 years of age, violations of R.C. 2907.02(A)(1)(b) (Counts 11 through 16); eight counts of rape by force or threat of force, violations of R.C. 2907.02(A)(2) (Counts 17 through 24); and three counts of pandering obscenity involving a minor, violations of R.C. 2907.321(A)(3) (Counts 26 through 28). He was sentenced to life in prison without parole on Counts 1 through 11, life in prison on Counts 12 through 16, 11 years in prison on Counts 17 through 24, and 8 years in prison on Counts 26 through 28. Taking into account that certain counts were ordered to be served concurrently and others consecutively, his total sentence was five terms of life in prison without parole, three terms of life in prison, and 68 years in prison.

{¶ 3} Walls appealed and in a decision dated January 26, 2018, we reversed and vacated his conviction. *State v. Walls,* 2018-Ohio-329, 104 N.E.3d 280 (6th Dist.). We held that the trial court erred when it refused to limit the testimony of the state's expert witness to the findings, analysis, conclusions, and opinions disclosed in his written report, as required under Crim.R. 16(K). We found that this error prejudiced Walls, necessitating a new trial.

{¶ 4} Several months after we reversed his conviction, Walls moved the trial court to reinstate bond. On June 18, 2018, the trial court set a cash or surety bond of $1 million, with no ten percent security deposit allowed. Walls argues that this bond is excessive and asks that it be reduced to $250,000, with a ten percent security deposit allowed.

2.

## II. Law and Analysis

{¶ 5} Section 9, Article I of the Ohio Constitution prohibits excessive bail. Habeas corpus is the proper procedural vehicle for asserting one's constitutional right to reasonable and non-excessive bail. *Lewis v. Telb*, 26 Ohio App.3d 11, 14, 497 N.E.2d 1376 (6th Dist.1985), citing *In re Gentry*, 7 Ohio App.3d 143, 454 N.E.2d 987 (6th Dist.1982). "In habeas corpus cases, the burden of proof is on the petitioner to establish his right to release." *Chari v. Vore*, 91 Ohio St.3d 323, 325, 744 N.E.2d 763 (2001). And in a habeas corpus action that challenges the amount of bond, the petitioner has the burden to show that bond is excessive. *Id.* at 326. We review the trial court's bond determination under an abuse-of-discretion standard. *Gaines v. Wasylyshyn*, 6th Dist. Wood No. WD-08-040, 2008-Ohio-2991, ¶ 13. If we find that the trial court has abused its discretion, we must reset the bond at a reasonable amount, taking into account the factors set forth in R.C. 2937.23(A)(3) and Crim.R. 46(C). *Hamilton v. Collins*, 11th Dist. Lake No. 2003-L-094, 2003-Ohio-4104, ¶ 4.

{¶ 6} In setting bail, under R.C. 2937.23(A)(3), the trial court must consider "the seriousness of the offense charged, the previous criminal record of the defendant, and the probability of the defendant appearing at the trial of the case." Additionally, Crim.R. 46(C) provides that in determining the types, amounts, and conditions of bail, the court shall consider all relevant information, including:

(1) The nature and circumstances of the crime charged, and specifically whether the defendant used or had access to a weapon; (2) The

3.

weight of the evidence against the defendant; (3) The confirmation of the defendant's identity; (4) The defendant's family ties, employment, financial resources, character, mental condition, length of residence in the community, jurisdiction of residence, record of convictions, record of appearance at court proceedings or of flight to avoid prosecution; (5) Whether the defendant is on probation, a community control sanction, parole, post-release control, bail, or under a court protection order.

{¶ 7} Walls acknowledges the seriousness of the offenses with which he has been charged, however, he argues that (1) the trial court had previously set a pretrial bond of $250,000; (2) there was no physical evidence of rape and the case hinged entirely on the credibility of the victim—who had recanted several times—and the state's expert's opinion that such recantations were normal; (3) he is a lifelong resident of Sandusky; (4) he has a long record of appearing at pretrials; and (4) he has limited financial resources rendering him unable to post bond.

{¶ 8} When Walls was first indicted on rape and pandering obscenity charges in July of 2014, the trial court set bond at $500,000 and ordered that Walls have no contact with the victim or the victim's family. In September of 2014, Walls moved to reduce bond. The court granted his motion and set bond at $250,000, but it revoked bond on January 15, 2015, when, during a random home visit, Walls's probation officer discovered that Walls was using a laptop computer that contained a photograph of the victim and saw Walls delete a conversation. Walls moved to reinstate bond, claiming

4.

that he was unaware that he was not permitted to use a computer while on probation, he was using the computer for trial preparation purposes, and his son had uploaded photos onto the computer of Walls's mother, his sister, his children, including the victim, and his son's cat. He denied that he had deleted anything. There is no indication from the docket that the trial court ever ruled on this motion, and Walls remained in jail pending trial.

{¶ 9} Walls argues that his previous bond was improperly revoked based on bond conditions that were never formalized and a violation of bond that was never proven. He also insists that because his convictions were vacated, he is presumed innocent, therefore, a "four fold increase in bond * * * is excessive [and] arbitrary."

{¶ 10} The primary purpose of bail is to secure the accused's presence in court. *Gaines* 6th Dist. Wood No. WD-08-040, 2008-Ohio-2991, at ¶ 6, citing *Garcia v. Wasylyshyn,* 6th Dist. No. WD-07-041, 2007-Ohio-3951, ¶ 4. In *Bland v. Holden*, 21 Ohio St.2d 238, 239, 257 N.E.2d 397 (1970), the Ohio Supreme Court observed that "if an accused is charged with crimes the conviction for which would result in long incarceration, with little hope of early release or probation, the incentive to abscond is greater and the amount [of bond] must be such as to discourage the accused from absconding." Similarly, in *Garcia* at ¶ 8, we acknowledged that "[t]he nature and number of counts, as well as the possible sentences if convicted" may implicate a petitioner as a flight risk.

{¶ 11} In *Hardy v. McFaul*, 103 Ohio St.3d 408, 2004-Ohio-5467, 816 N.E.2d 248, ¶ 7, the Ohio Supreme Court affirmed the Eighth District Court of Appeals decision

in *Hardy v. McFaul,* Cuyahoga App. No. 84495, 2004-Ohio-2694, ¶ 6, that found no error in the trial court's action in substantially increasing the amount of bond after conviction on remand for new trial. It reasoned that the evidence had been completely developed at trial, the trial judge knew the incriminating nature of the evidence, there was no doubt concerning the petitioner's identification, the evidence weighed heavily against him, and the trial judge had observed the petitioner's nature and character. *Id.* The court also recognized that there was an increased likelihood of flight given that the evidence had been shown to be strong enough to convince a jury of the petitioner's guilt beyond a reasonable doubt and the petitioner knew he was facing a five-year prison term.

{¶ 12} Here, while Walls has lifelong ties to the community, he is being retried after having been convicted of 27 serious sexual offenses for which the trial judge imposed five terms of life in prison without parole, three terms of life in prison, and 68 years in prison. Given that the first jury was convinced of Walls's guilt beyond a reasonable doubt and the trial court has already evidenced its intent to incarcerate Walls for life if he is found guilty of these many offenses, the incentive to abscond is great.[1] We, therefore, find no abuse of discretion in the trial court's decision to increase bond to $1 million, with no ten percent security deposit allowed.

---

[1] We also note that in addition to the various sexual offenses of which Walls was convicted, he was also convicted of interference with custody after absconding to Florida with his children upon receiving notice of an ex parte order granting custody of the children to Erie County Children's Services. *Walls,* 2018-Ohio-329, 104 N.E.3d 280, at ¶ 7, 13. This further reinforces the concern of potential flight.

### III. Conclusion

{¶ 13} We find that the trial court did not abuse its discretion is setting bond at $1 million with no ten percent security deposit allowed. We deny Walls's petition for writ of habeas corpus. Walls is ordered to pay the costs associated with this petition.

{¶ 14} It is so ordered.

{¶ 15} The clerk shall serve all parties in the manner prescribed by Civ.R. 5.

Writ denied.

Arlene Singer, J. _____

Thomas J. Osowik, J. _____

Christine E. Mayle, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.