[Cite as *Drew v. State ex rel. Neil*, 2020-Ohio-4366.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

GEOFFREY DREW

    Petitioner,

  vs.

THE STATE OF OHIO, EX REL.
JIM NEIL,

    Respondent.

:
:
:
:
:
:

APPEAL NO. C-190609
TRIAL NO. B-1904419


*O P I N I O N.*


Original Action in Habeas Corpus

Judgment of Court: Petition Denied

Date of Judgment Entry: September 9, 2020


*L. Patrick Mulligan & Associates, LLC*, and *Brandon A. Moermond*, for petitioner Geoffrey Drew.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Alex S. Havlin,* Assistant Prosecuting Attorney, for Respondent State of Ohio ex rel. Jim Neil,

**BERGERON, Judge.**

{¶1}   Indicted on nine counts of rape in August 2019 for conduct occurring decades ago, petitioner Geoffrey Drew challenged the staggering $5,000,000 bail set by the trial court at arraignment.  He first requested that the trial court reduce the amount of the bail, but to no avail—the court denied his motion.  This ultimately prompted Mr. Drew to seek relief from this court through the mechanism of a petition for a writ of habeas corpus claiming excessive bail.  The state, on behalf of respondent Hamilton County Sheriff Jim Neil, requested that we deny the petition, maintaining that the trial court acted within its discretion, and highlighting Mr. Drew's failure to meet his burden in order to establish entitlement to relief.  Based on the record at hand, we agree with the state and deny the writ.

{¶2}   In Ohio, appellate courts enjoy original jurisdiction over writs of habeas corpus and are empowered with the authority to grant such relief.  Ohio Constitution, Article IV, Section 3(B)(1)(c) ("The courts of appeals shall have original jurisdiction in the following * * * [h]abeas corpus[.]"); R.C. 2725.02 ("The writ of habeas corpus may be granted by the supreme court, court of appeals, court of common pleas, probate court, or by a judge of any such court.").  Moreover, a petition for a writ of habeas corpus is the appropriate channel for a claim of excessive pretrial bail.  *Chari v. Vore*, 91 Ohio St.3d 323, 325, 744 N.E.2d 763 (2001) ("Habeas corpus is the proper remedy to raise the claim of excessive bail in pre-trial release cases.").  Courts recognize this procedural avenue because the Ohio Constitution secures the right to reasonable bail.  Ohio Constitution, Article 1, Section 9 ("All persons shall be bailable by sufficient sureties * * * [e]xcessive bail shall not be required[.]").  Therefore, where an offense is bailable, the right to reasonable bail may not be denied or infringed.  *Lazzerini v. Maier*, 2018-Ohio-1788, 111 N.E.3d 727, ¶ 2 (5th Dist.).

{¶3} We treat review of a claim of excessive bail brought in a petition for a writ of habeas corpus as presenting a type of "hybrid" standard of review. *Smith v. Leis*, 165 Ohio App.3d 581, 2006-Ohio-450, 847 N.E.2d 485, ¶ 10 (1st Dist.). As the action is akin to an appeal from the trial court, we afford "some weight" to the trial court's decision setting the bail, but we also recognize that habeas corpus is an original action which normally warrants independent review. *Id.* (finding that trial court abused its discretion when setting petitioner's bail); *In re DeFronzo*, 49 Ohio St.2d 271, 273, 361 N.E.2d 448 (1977) (noting an anomaly in original actions which seek habeas corpus relief for excessive bail, the effect of which is an appeal from the trial court, but as an original action permits hearings and findings of fact). Therefore, we first focus our examination on whether the trial court abused its discretion in setting the bail amount. *Garcia v. Wasylyshyn*, 6th Dist. Wood No. WD-07-041, 2007-Ohio-3951, ¶ 6, citing *Hardy v. McFaul,* 103 Ohio St.3d 408, 2004-Ohio-5467, 816 N.E.2d 248, ¶ 7. And if we find an abuse of discretion, we may exercise our own independent judgment in resetting bail at a reasonable figure based on the evidence presented to us. *Gallagher v. Johnson,* 129 Ohio App.3d 775, 779, 719 N.E.2d 60 (11th Dist.1998), citing *DeFronzo* at 273. In other words, the petitioner bears the burden of showing "that appropriate grounds for independent review by this court exist." *Garcia* at ¶ 9.

{¶4} In bringing a habeas corpus action, the petitioner must establish "(1) the person whose liberty is restrained, (2) the officer who is confining the prisoner, (3) the place where the person is imprisoned, and (4) a copy of the commitment or cause of detention." *Smith* at ¶ 13; R.C. 2725.04. Additionally, the petitioner bears the burden to demonstrate "with particularity the extraordinary circumstances entitling him to habeas corpus relief." *State ex rel. Wilcox v. Seidner,* 76 Ohio St.3d 412, 414, 667 N.E.2d 1220 (1996); *Chari* at

325 (noting that in a habeas corpus case the burden rests on the petitioner to establish his or her right to release).

{¶5} In reviewing a claim of excessive bail, we note that the purpose of bail is to ensure the accused's presence at trial, and therefore, the reasonableness of the bail amount "is a question for the exercise of sound discretion by the trial court * * * dependent upon all the facts and circumstances in each individual case." *Lazzerini,* 2018-Ohio-1788, 111 N.E.3d 727, at ¶ 2, citing *Bland v. Holden,* 21 Ohio St.2d 238, 239, 257 N.E.2d 397 (1970); *Sargent v. Leis,* 159 Ohio App.3d 658, 2005-Ohio-526, 825 N.E.2d 178, ¶ 10 (1st Dist.), citing *Jenkins v. Billy,* 43 Ohio St.3d 84, 85, 538 N.E.2d 1045 (1989) (noting that amount of bail in within discretion of the trial court). In setting the amount of bail, Crim.R. 46(C) directs the trial court to factors it should weigh in making this determination, including: the nature and circumstances of the charged crime, weight of the evidence against the defendant, confirmation of the defendant's identity, consideration of the defendant's familial ties, employment, financial resources, residence in the community, conviction record, mental condition, and finally, whether the defendant is on probation, bail, community control or protection order. Crim.R. 46(C)(1-5). Therefore, examining the propriety of the amount of bail requires a consideration of these factors as well as any conditions of bail. *Smith* at ¶ 16. Crim.R. 46 was recently amended (effective July 1, 2020, after Mr. Drew's hearing) to require the least amount of monetary bail: any monetary conditions "shall be in an amount and type which are least costly to the defendant while also sufficient to reasonably assure the defendant's future appearance in court." Crim.R. 46(B).

{¶6} Here, Mr. Drew maintains that the trial court improperly deemed him a flight risk, pointing to his age, finances, and familial and community ties to imply that the trial court misapplied the Crim.R. 46 factors. But Mr. Drew failed to supply the transcripts of the trial court hearing from which we might review the trial court's evaluation of the Crim.R.

4

46 factors. *See Armendariz v. McFaul*, 8th Dist. Cuyahoga No. 82703, 2003-Ohio-2327, ¶ 6-10 (review of transcript of the hearing on motion to reduce bail amount revealed that the trial court did not abuse its discretion in refusing to reduce bail amount); *Hardy,* 103 Ohio St.3d 408, 2004-Ohio-5467, 816 N.E.2d 248, at ¶ 10 (presumption of regularity where petitioner failed to include transcript of bail hearing in which the trial court noted its reasons for its bail amount). Nor did Mr. Drew present any other evidence which supports his claims that he is not a flight risk, such as proof of his financial status or passport status. *See Lazzerini* at ¶ 8 (noting that petitioner failed to introduce evidence to support his claims regarding excessive bail). To be sure, he makes conclusory statements, but we need more than that to grant relief, particularly when we lack a transcript of what transpired before the trial court.

{¶7} In original actions, one means of providing substantiation of certain factual matters is through the vehicle of the stipulated factual record. 1st Dist. Loc.R. 33.2 ("To facilitate the consideration and disposition of original actions, counsel, when possible, should submit an agreed statement of facts."). While the parties did tender us a stipulated set of facts, these facts steer well clear of any of the considerations under Crim.R. 46 or any examination of the review undertaken by the trial court. Nor does Mr. Drew offer us probative information relevant to other factors the trial court needs to consider in setting the amount of bail, such as the strength of the evidence against him or the nature and circumstances of the crimes charged. *See Miller v. Reid*, 8th Dist. Cuyahoga No. 96110, 2010-Ohio-6485, ¶ 10 (though nothing in record indicated that petitioner was flight risk, in light of all the circumstances the trial court did not err in increasing bail).

{¶8} Mr. Drew does tender a chart that he created reflecting bail amounts in other similar alleged offenses (including some claimed to be more serious offenses) that portrays his $5 million bail as an excessive outlier. We acknowledge this comparative evidence is

troubling, to say the least, but standing alone, it cannot translate into a ticket to a writ. A petitioner must marshal a more powerful evidentiary record highlighting the problems inherent in the trial court's decision before triggering our independent review.

{¶9} As a last gasp, Mr. Drew concludes that the only rational explanation for the amount of bail is the high media attention on the case, but he again fails to transform this suspicion into something of evidentiary quality. *See Johnson v. LaRose,* 7th Dist. Mahoning No. 18 MA 0135, 2019-Ohio-5443, ¶ 6 (unsupported and uncorroborated statements by petitioner are insufficient to overcome the presumption of regularity of the court's judgment); *Chari,* 91 Ohio St.3d at 328, 744 N.E.2d 763 (dismissal of habeas corpus petition appropriate where it was "replete with unsupported, legal conclusions" that the bail was unlawful, excessive, and unconstitutional).

{¶10} Therefore, while we recognize that this case involves an extremely high bail and one that might ordinarily give us pause, Mr. Drew has not made a proper showing of the excessiveness of bail under the circumstances of the case. *See Lewis v. Telb*, 26 Ohio App.3d 11, 12, 497 N.E.2d 1376 (6th Dist.1985) (noting that before relief may be afforded in petitions of this nature it must be clear that the amount of bail set was unreasonable and the necessary criteria under Crim.R. 46 was not applied in setting the amount of bail); *Jenkins,* 43 Ohio St.3d at 85, 538 N.E.2d 1045 ("[P]etitioner alleges no facts that indicate an abuse of discretion by the trial court or that appropriate grounds for independent review by this court exist."). Ultimately, we find nothing to demonstrate an abuse of discretion on the record presented by Mr. Drew.

{¶11} Based on the foregoing, we accordingly deny Mr. Drew's habeas corpus petition.

Petition denied.

**WINKLER, J.,** concurs.
**MOCK, P.J.,** concurs in judgment only.

Please note:
   The court has recorded its own entry this date.