[Cite as *Alliman v. Sigsworth*, 2023-Ohio-4236.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

James Alliman                                    Court of Appeals No.  OT-23-040

     Petitioner

v.

Sheriff Paul Sigsworth                       **DECISION AND JUDGMENT**

     Respondent                              Decided:  November 22, 2023

* * * * *

Michael H. Stahl, William V. Stephenson, and Michael G.
Aird, for petitioner.

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Charles Bennett, Assistant Prosecuting Attorney, for respondent.

* * * * *

**SULEK, J.**

{¶ 1} On October 17, 2023, James Alliman petitioned for a writ of habeas corpus,

alleging that he is being held unlawfully pursuant to an unreasonable pretrial bond of

$500,000, no ten percent allowed.  On October 23, 2023, this court issued the writ and

ordered respondent Erie County Sheriff Paul Sigsworth to file a return.  On October 31,

2023, Sigsworth filed his return in conjunction with a motion to dismiss and a motion for

summary judgment. Alliman filed his response on November 3, 2023. Upon review of the record, arguments, and assertions of the parties, this court holds that Alliman has not demonstrated that he is being held unlawfully.

{¶ 2} By way of background, Alliman's habeas petition comes following this court's reversal of his conviction on reconsideration in *State v. Alliman*, 6th Dist. Ottawa No. OT-21-024, 2023-Ohio-2617. Upon remand, the trial court reimposed the $500,000 bond with no ten percent allowed that existed prior to his jury trial.

{¶ 3} "In general, persons accused of crimes are bailable by sufficient sureties, and '[e]xcessive bail shall not be required.'" *Chari v. Vore*, 91 Ohio St.3d 323, 325, 744 N.E.2d 763 (2001), quoting Article I, Section 9, Ohio Constitution. "Habeas corpus is the proper remedy to raise the claim of excessive bail in pretrial-release cases." *Id.* "The burden of proof in an excessive-bail habeas petition is on the petitioner." *DuBose v. McGuffey*, 168 Ohio St.3d 1, 2022-Ohio-8, 195 N.E.3d 951, ¶ 12, citing *Chari* at 326. "Whether a particular bail determination is unconstitutionally excessive is a question of law appropriate for de novo review." *Id.* at ¶ 15.

{¶ 4} In his petition, Alliman points to the factors under Crim.R. 46 to argue that the bail amount of $500,000 with no ten percent allowed is excessive. Alliman also cites *DuBose* for the proposition that "public safety is not a consideration with respect to the *financial* conditions of bail." (Emphasis sic.) *DuBose* at ¶ 24. Notably, in November 2022, in response to the holding in *DuBose*, the citizens in this state amended Article I, Section 9 of the Ohio Constitution to specify that "[w]hen determining the amount of

2.

bail, the court shall consider public safety, including the seriousness of the offense, and a person's criminal record, the likelihood a person will return to court, and any other factor the general assembly may prescribe." In light of the constitutional amendment, the Ohio Supreme Court repealed Crim.R. 46. In its place, the General Assembly enacted R.C. 2937.011, which is substantially similar to former Crim.R. 46, and which sets forth the factors and considerations for setting the conditions of pretrial release. Alliman's arguments under former Crim.R. 46 will thus be considered under R.C. 2937.011.

{¶ 5} R.C. 2937.011 provides,

(A) Unless the court orders the defendant detained pursuant to section 2937.222 of the Revised Code or other applicable law, the court shall release the defendant on the least restrictive conditions that, in the discretion of the court, will reasonably assure the defendant's appearance in court, the protection or safety of any person or the community, and that the defendant will not obstruct the criminal justice process. If the court orders financial conditions of release, those financial conditions shall be related to public safety, the defendant's risk of nonappearance in court, the seriousness of the offense, and the previous criminal record of the defendant.

(B) Any financial conditions shall be in an amount and type that are least costly to the defendant while also sufficient to reasonably assure the defendant's future appearance in court.

3.

* * *

(E) * * * [I]n determining the types, amounts, and conditions of bail, the court shall consider all relevant information, including the following:

(1) The nature and circumstances of the crime charged, and specifically whether the defendant used or had access to a weapon;

(2) The weight of the evidence against the defendant;

(3) The confirmation of the defendant's identity;

(4) The defendant's family ties, employment, financial resources, character, mental condition, length of residence in the community, jurisdiction of residence, record of convictions, record of appearance at court proceedings or of flight to avoid prosecution;

(5) Whether the defendant is on probation, a community control sanction, parole, post-release control, bail, or under a court protection order;

(6) The considerations required under Ohio Constitution, Article I, Section 9.

{¶ 6} Under the first factor listed in R.C. 2937.011(E)(1), the nature and circumstances of the crimes charged are very serious. Alliman was indicted on nine counts of rape in violation of R.C. 2907.02(A)(1)(b) and (B), and one count of rape in violation of R.C. 2907.02(A)(2) and (B). The charges arose from Alliman's alleged conduct in raping his minor daughters on multiple occasions. Alliman notes that there is

4.

no allegation that he used or had access to a weapon during the commission of these offenses.

{¶ 7} Under the second factor, Alliman argues that the evidence against him is not strong. According to Alliman, the only evidence against him is the testimony of the two victims, both of whom delayed in their disclosure of the alleged abuse. Alliman emphasizes that there is no confession and no physical evidence in this case. Further, he points to this court's decision reversing his conviction on reconsideration, in which the lead opinion stated, "When excising the erroneously admitted expert testimony and weighing the remaining evidence, we do not find that appellant's guilt is established beyond a reasonable doubt." *Alliman*, 6th Dist. Ottawa No. OT-21-024, 2023-Ohio-2617, ¶ 20. On the other hand, as noted by Sigsworth, a jury of Alliman's peers heard the testimony of the two victims and determined they were credible in finding Alliman guilty of all ten counts of rape.

{¶ 8} Under the third factor, there is no dispute concerning Alliman's identity as the appropriate defendant.

{¶ 9} Under the fourth factor, there is no dispute that Alliman is a life-long resident and has significant family ties to the area, that he was gainfully employed with the railroad for many years until his arrest, that he has no prior felony convictions, and that he has appeared at all court proceedings. In addition, there is no dispute that Alliman has limited financial resources and is unable to post a $500,000 bond.

5.

{¶ 10} Under the fifth factor, there is no dispute that Alliman is not on probation, community control, parole, post-release control, or bail for any other offense.

{¶ 11} Finally, under the sixth factor, "the court shall consider public safety, including the seriousness of the offense, and a person's criminal record, [and] the likelihood a person will return to court." Ohio Constitution, Article I, Section 9. Here, while Alliman does not have a prior felony record, the ten counts of rape of a minor that he is facing are incredibly serious offenses demonstrating his danger to the public. As to the likelihood that Alliman will return to court, it is noteworthy that the circumstances have changed since bail was set prior to his first trial. Alliman has been found guilty by a jury on all ten counts and has been sentenced to life without the possibility of parole. Although his conviction was overturned on appeal due to an evidentiary issue, the possibility of being convicted again could provide motivation to flee. *See Garcia v. Wasylyshyn*, 6th Dist. Wood No. WD-07-041, 2007-Ohio-3951, ¶ 8 ("The nature and number of counts, as well as the possible sentences if convicted, support the implication that petitioner may indeed be a flight risk and that protection of the community is also necessary.").

{¶ 12} Upon review, Alliman has failed to satisfy his burden to demonstrate that the trial court's imposition of a cumulative $500,000 pretrial bond with no ten percent allowed is excessive. This case is similar to *Stevens v. Navarre*, 6th Dist. Lucas No. L-21-1010, 2021-Ohio-551, 168 N.E.3d 578. In *Stevens*, the defendant sought habeas relief from a pretrial bond of $1.4 million with no ten percent allowed. Stevens was charged

6.

with nine counts of rape, twelve counts of gross sexual imposition, six counts of sexual battery, and five counts of pandering obscenity to a minor. *Id.* at ¶ 11. The charges arose from Stevens' use of his position at a local public high school, his position as a coach, and his status as a local parent to target, groom, sexually assault, and rape six children in his community. *Id.* Like Alliman, Stevens was a longtime resident of the community, had no prior felony criminal record, and lacked the financial resources to satisfy the bond. *Id.* In addition, while *Stevens* did involve at least some physical evidence in the form of seminal fluid of one of the minor victims being found in Stevens' bedroom, the majority of the evidence consisted of the victims' testimony. *Id.* at ¶ 12. In this case, although there is no physical evidence, the jury's prior finding of guilt suggests that the weight of the evidence in the form of the victims' testimony is significant.

{¶ 13} In *Stevens*, this court held that Stevens did not demonstrate that his $1.4 million pretrial bond was excessive. *Id.* at ¶ 19. Likewise, Alliman has not demonstrated that his pretrial bond is excessive. "The purpose of bail is to secure the attendance of the accused at his trial." *Bland v. Holden*, 21 Ohio St.2d 238, 239, 257 N.E.2d 397 (1970). "[I]f an accused is charged with crimes the conviction for which would result in long incarceration, with little hope of early release or probation, the incentive to abscond is greater and the amount must be such as to discourage the accused from absconding." *Id.*

{¶ 14} Here, the $500,000 bond with no ten percent allowed is reasonable and not excessive in light of the serious nature of the ten counts of rape of a minor that Alliman is charged with, the danger that he poses to the public, and the incentive to abscond given

7.

that he has already been convicted once for the crimes and sentenced to life in prison without the possibility of parole. Accordingly, upon review of the record, the arguments of the parties, and the factors contained in R.C. 2937.011, this action is dismissed with prejudice. Costs are assessed to Alliman.

**{¶ 15} To the Clerk: Manner of Service.**

**{¶ 16}** The clerk is directed to serve upon all parties in a manner prescribed by Civ.R. 5(B) notice of the judgment and its date of entry upon the journal.

Action dismissed.


Thomas J. Osowik, J.          _____
                                              JUDGE
Gene A. Zmuda, J.          

Charles E. Sulek, J.                         _____
CONCUR.                                              JUDGE

                                             _____
                                                      JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.